Kathy PATTON and Charles
Jenkins, Appellants,

v.

BANK OF ST. LOUIS, Respondent.

No. 45283.

Missouri Court of Appeals,
Eastern District,
Division Three.

Sept. 14, 1982.

Rehearing Denied Oct. 15, 1982.

Claude Hanks, Constance Shipe, St. Louis, for appellants.

Burton H. Shostak, St. Louis, for respondent.

CLEMENS, Senior Judge.

Plaintiffs Kathy Patton and Charles Jenkins sued defendant Bank of St. Louis for damages, alleging wrongful seizure of their mortgaged automobile. The trial court dismissed plaintiffs' petition on the ground of res judicata and they have appealed. We affirm.

The initial action was a suit by the bank against Patton and Jenkins for the $2,048 balance due on their promissory note. Therein personal service was had on Charles Jenkins and Kathy Patton entered her appearance by consenting to a continuance to February 21, 1979. On that date the court entered a $2,355 default judgment against both Patton and Jenkins, Neither appealed.

By their present petition plaintiffs seek damages for alleged wrongful repossession of their mortgaged car. They plead the bank's judgment was obtained without service upon them. Not so. As noted above the record in the initial action shows service and entry of appearance.

 Any action recognizing that a cause is in court amounts to a general appearance. *State ex rel. Sperandio v. Clymer,* 581 S.W.2d 377[5, 6] (Mo. banc 1979). By Kathy Patton's entry of appearance in the bank's initial action she submitted to court's jurisdiction. As to Charles Jenkins, the sheriff's return of personal service in the initial action cannot be challenged collaterally. *Underwood v. Underwood,* 463 S.W.2d 915[1] (Mo.1971). A collateral attack may not be made upon a judgment where the record, as here, shows the initial court had jurisdiction. *Smith v. Benson,* 542 S.W.2d 571[6] (Mo.App.1976).

The trial court did not err in dismissing plaintiffs' petition.

REINHARD, P.J., and SNYDER and CRIST, JJ., concur.