**In re the Marriage of Nancie S. TAYLOR,**
**Petitioner–Respondent,**

v.

**William John Russell TAYLOR,**
**Respondent–Appellant.**

**Nos. 52596, 52597.**

Missouri Court of Appeals,
Eastern District,
Division Two.

Jan. 12, 1988.

James Curtis Owen, Manchester, for respondent-appellant.

Jack H. Ross, Clayton, for petitioner-respondent.

PUDLOWSKI, Judge.

The appellant, William J.R. Taylor, asks this court to review the trial court's denial of his motion to set aside the default judgment obtained by the respondent, Nancie S. Taylor, in an action for dissolution. He alleges patent irregularities with regard to the service of process, the issuance of a default when there were *pro se* pleadings on file with the circuit court, and the lack of a valid marriage. We reverse and remand.

On June 18, 1986, respondent filed a petition for dissolution in the Circuit Court of St. Louis County. She pleaded that she and appellant "were married on the 4th day of February, 1978, in Philadelphia, PA, said marriage is registered in Philadelphia, PA." Appellant denied that he was ever

married to the respondent in documents filed with the court on August 15, 1986.

There were two sons born to the parties, one in 1978 and one in 1979. They were at all times pertinent to this case in the custody of the respondent. The default decree entered on October 17, 1986, awarded permanent custody of the boys to the respondent and gave appellant no provision for visitation. Respondent was also awarded substantial assets.

■■■ Appellant asserts that the trial court erred in denying his motion to set aside the default judgment based on irregularities in the record. *See* Rule 74.32.[1] The special process server's return of service of summons was deficient on its face under Rule 54.20(a)(2), which requires that the return state "the time, place and manner of service." The special process server's return, unlike a sheriff's return, is not presumed conclusive; it "must show on its face that every requisite of the rule has been complied with and may not be aided by intendments or presumptions." *See v. Nesler,* 692 S.W.2d 7, 8 (Mo.App.1985). The return states that the appellant refused service, but it fails to indicate the address or the county in which service was attempted. Nevertheless, appellant waived his objection to the improper return, and the resulting lack of personal jurisdiction, when he filed certain documents with the trial court which will be discussed at length later in this opinion. "Any action recognizing that a cause is in court amounts to a general appearance." *Patton v. Bank of St. Louis,* 641 S.W.2d 451 (Mo.App.1982). Appellant recognized that proceedings had been initiated; his letter to the court, dated August 12, 1986, explaining that he had contacted Legal Services of Eastern Missouri, was sufficient in itself to evidence his recognition that a cause was pending in the court. *See Germanese v. Champlin,* 540 S.W.2d 109, 112 (Mo.App.1976).

■■■ The appellant contends that the trial court should have set aside the default judgment because appellant had filed a timely responsive pleading *pro se* which the court received but of which the court failed to take notice. Appellant's pleadings are crude, nonprofessional and contain countless irrelevant facts; nonetheless, they are sufficient to be in technical compliance with Rule 55. Although appellant technically filed an answer to respondent's motion for temporary maintenance, he pleaded, "Please, I pray to the Court, dismiss this ... Motion along with its related Petition for Dissolution...." A pleading is judged by its subject matter and not by its caption. *Goldberg v. Mos,* 631 S.W.2d 342, 345 (Mo.1982). We construe the pleading as an answer to the Petition for Dissolution.

Respondent contends that the trial court was correct when it did not construe the response as a response to the petition for dissolution. However, respondent's assertion is misguided. After careful review of the legal file and transcript, it becomes clear that the trial court failed to note the filing of any response in the minutes of proceedings although the document is clearly date stamped by the court on August 15, 1986.

■■■ The common law remedy codified in Rule 74.32 permits a judgment to be set aside for an irregularity patent on the face of the record if the motion is made within three years after the judgment. "The irregularity must indicate that the judgment was materially contrary to an established form and mode of procedure for the orderly administration of justice." *Barney v. Suggs,* 688 S.W.2d 356, 359 (Mo. banc 1985). This may be the result of the omission of some necessary procedure or the performance of the procedure in an unreasonable time or an improper manner. *Susman v. Hi–Fi–Fo–Fum, Inc.,* 597 S.W.2d 680, 681 (Mo.App.1980). It is generally improper procedure to default a party who has filed a responsive pleading. Rule 74.-045; *G.H. Kursar, D.O., Inc. v. Fleischer,* 602 S.W.2d 870, 872 (Mo.App.1980). A

---

1. All references to rules, unless otherwise noted in this opinion, are to the Missouri Supreme Court Rules of Civil Procedure.

judgment entered in a suit in which an answer has been filed by a party who fails to appear on the date set for trial is not a default judgment. *Ward v. Davis,* 701 S.W.2d 192 (Mo.App.1985). Therefore, it was an error patent on the record to have granted the default dissolution.

There was in this case a second error patent on the record because the appellant was not given notice of the setting of the "default hearing." Because the appellant was not in default, the local St. Louis County Circuit Court Rule 36.1.4(2) applies. That rule reads:

Upon obtaining a setting of any case or motion, other than in default matters, the attorney obtaining the setting shall within five (5) days notify the opposing counsel, or party where there is no opposing counsel, of the setting, date, time and team that will hear the case and proof of service of such notice shall be promptly filed.

The record contains no evidence that appellant was given notice or that any attempt was made to do so.

This is not the same fact situation involved in *Wade v. Wade,* 395 S.W.2d 515 (Mo.App.1965). The absent party in *Wade* was in default because of failure to file a responsive pleading. In *Wade,* this court found that a St. Louis County Circuit Court Rule was invalid because it conflicted with Rule 43.01, which states that "no service need be made on parties *in default* except that pleadings asserting new or additional claims for relief against them shall be served upon them in the manner provided for service of summons." (Emphasis added). The appellant in this case was not in default, and under those circumstances Rule 63.02 allows circuits with more than one judge to set civil actions for trial according to the individual circuit's rules of procedure. There is, therefore, no conflict between the Supreme Court Rule and the local rule in this case.

In addition, "[n]otice is an integral part of our system of justice." *Madsen v. Madsen,* 731 S.W.2d 324 (Mo.App.1987). Constitutional principles of due process support reasonable notice to a participating litigant when there exists the possibility of action adverse to his interests. *In re Estate of Sympson,* 577 S.W.2d 68, 72 (Mo. App.1978). Our brethren in the Southern District have held that a local court rule requiring notice of a trial setting should not have been relied on by a defendant to prevent her from being found negligent for ignoring a pending lawsuit. *Owens v. Vesely,* 620 S.W.2d 430 (Mo.App.1981). In *Owens,* unlike the case at bar, however, some attempt had been made to notify the defendant, but the correspondence had been sent to an incorrect address. *Id.* Moreover, appellant in this case was not negligently idle but was actively involved in contesting the case at the time the hearing was held.

Appellant's other points on appeal will not be addressed at this time because they should be resolved upon remand.

We reverse the denial of the motion to set aside the "default judgment," and remand to the trial court with instructions to allow the parties, in turn, to amend their pleadings and for a new trial.

STEPHAN, P.J., and DOWD, J., concur.