**Paula WALKER, Plaintiff/Respondent,**

v.

**Glen D. GRUNER, et al.,
Defendants/Appellants.**

Nos. 63855, 63856.

Missouri Court of Appeals,
Eastern District,
Division Four.

May 3, 1994.

Richard John Boardman, St. Louis, for defendants, appellants.

Daniel J. Noonan, St. Louis, for plaintiff, respondent.

CARL R. GAERTNER, Judge.

Defendants, Glen Gruner and Vertical Investments, Inc., appeal from a default judgment entered against them on April 12, 1993. Judgment reversed and remanded.

The lawsuit instituted by plaintiff, Paula Ann Walker, concerned a real estate transaction and involved allegations of fraud, malicious prosecution, breach of a warranty of habitability, and outrage. A special process server was appointed at plaintiff's request. Defendants failed to respond within the prescribed time after the returns of purported service. A hearing was held on April 12, 1993, and defendants failed to appear. The trial court entered a default judgment against defendants for $13,515.

Defendants' motions to quash service and set aside the default judgment[1] were filed two days after the entry of judgment. On April 21, 1993, the motions were denied. Defendants now challenge the court's ruling, claiming that the court lacked personal juris-

diction because the returns of service and the special process server's affidavit were deficient under Rule 54.20. We agree.

■ Service of process is a prerequisite to jurisdiction over either the person or property of the defendant. *Roberts v. Johnson,* 836 S.W.2d 522, 524 (Mo.App.1992). Absent a general appearance or other waiver of process by the defendant, there must be service of process in an authorized manner in order for the court to acquire jurisdiction to determine the rights and liabilities of the defendant. *Id.; see also State ex rel. Ill. Farmers v. Gallagher,* 811 S.W.2d 353, 354 (Mo. banc 1991); *Jones v. Fliteline Motors, Inc.,* 809 S.W.2d 179, 181 (Mo.App.1991).

■ Rule 54.20 sets forth the proof which a plaintiff must present to the court to establish that the proper method of service has been followed. *Industrial Personnel Corp. v. Corcoran,* 643 S.W.2d 816, 818 (Mo.App. 1981). If a party chooses to use a special process server, "he does so at his own risk and bears a heavy burden of establishing service." *See v. Nesler,* 692 S.W.2d 7, 8 (Mo.App.1985). Unlike a sheriff's return, a special process server's return is not presumed conclusive; it must show on its face that every requirement of the rule has been met and may not be aided by intendments or presumptions. *Taylor v. Taylor,* 742 S.W.2d 630, 631 (Mo.App.1988). A special process server must also make an affidavit as to the time, place and manner of service. Rule 54.20(a)(2).

■ Plaintiff has failed to sustain her burden in the present case. The returns of service state that defendants were served at 11:15 a.m. on March 31, 1993, by reading the summons aloud at Gruner's front door and posting the summons on the door. The server's sworn affidavit, which accompanied the returns, states that she twice unsuccessfully attempted to serve Gruner at his apartment. On March 3, 1993, she spoke with Gruner on the telephone and informed him that plaintiff was suing him, that a hearing was scheduled for April 12, 1993, and that he should contact plaintiff's attorney. She asked Gruner when

---

**1.** Gruner and Vertical Investments filed separate motions.

and where he could be served, but Gruner refused to respond. On March 31, 1993, the server went with a Creve Couer police officer to Gruner's apartment. She knocked on the door, but no one responded. She then read aloud a copy of the summons and petition and posted them on Gruner's door.

The returns and affidavit in no way indicate that the server offered to deliver or that Gruner refused to receive copies of the summons and petition as required under Rule 54.20(f). The Missouri rule governing personal service on an individual requires a delivery of the summons and petition to the defendant or his authorized agent personally, by hand. Rule 54.13(b)(1). It therefore follows that Rule 54.20(f) contemplates an attempt by the server to personally serve a defendant and defendant's refusal to physically accept the copies of the summons and petition.

In a jurisdiction that requires in-hand service, a server cannot personally serve or attempt to serve an individual over the telephone. As other jurisdictions have pointed out, such a practice would open the door to fraud, confusion, and misunderstanding. *See* 72 C.J.S. Process § 42; 62B Am.Jur.2d Process § 203, n. 94. Furthermore, it is equally impossible to serve a defendant by reading the summons and petition to an empty dwelling. There is no proof in the returns or affidavit that Gruner was in his apartment listening to the server read the summons and petition at 11:15 a.m. on March 31, 1993. The returns and affidavit were deficient because they show that no valid offer to serve was made, making it impossible for defendant to refuse to receive service. The trial court had no jurisdiction over defendants and thus erred in denying their motions to quash service.

■ The failure to comply with Rules 54.-20(a)(2) and 54.20(f) also renders the default judgment void because the court entered it without personal jurisdiction over defendants. *Roberts v. Johnson*, 836 S.W.2d 522, 524 (Mo.App.1992); *Jones v. Fliteline Motors, Inc.*, 809 S.W.2d 179, 181 (Mo.App. 1991); *Gerding v. Hawes Firearms Co.*, 698 S.W.2d 605, 607 (Mo.App.1985). The trial court, therefore, erred in overruling defendants' motions to set aside the judgment, which set forth as a meritorious defense the court's lack of jurisdiction.

Plaintiff claims that defendants waived their defense of lack of personal jurisdiction by entering a general appearance with the court. Plaintiff argues that defendants' motions to set aside the judgment amounted to a general appearance because they included an answer to plaintiff's petition and an explanation for their failure to attend the hearing. We disagree.

■ A defendant enters a special appearance by contesting the court's jurisdiction. *State v. Weinstein*, 411 S.W.2d 267, 272 (Mo.App.1967); 5 Am.Jur.2d Appearance § 1–2. Any action recognizing that a cause is in court, such as filing a responsive pleading, amounts to a general appearance. *Patton v. Bank of St. Louis*, 641 S.W.2d 451 (Mo.App.1982); *Germanese v. Champlin*, 540 S.W.2d 109, 112 (Mo.App.1976); *Weinstein*, 411 S.W.2d at 272–73; 5 Am.Jur.2d Appearance § 1, 5. However, if a defendant first challenges the court's jurisdiction, he may then: "enter and probe into the merits of the case without the necessity of making the time-honored 'special appearance' or reserving the jurisdictional point at each stage of the procedure. Having once hoisted the flag at the beginning of the journey a litigant over whose person a court lacks jurisdiction need not continuously wave the flag at every way station along the route." *Greenwood v. Schnake*, 396 S.W.2d 723, 726 (Mo.App.1965). Defendants challenged the court's jurisdiction in their motions to quash and their motions to set aside the judgment. Thus, they did not waive their jurisdictional challenge by then setting forth other defenses to the judgment and to plaintiff's petition.

Having found that the trial court lacked personal jurisdiction over defendants, we need not reach defendants' remaining point, which challenges the sufficiency of the service of Vertical Investments pursuant to Rule 54.13(b)(3).

The judgment is reversed and remanded with directions to quash the purported service of process and to set aside the default

judgment entered against defendants on April 12, 1993. Plaintiff's motion for damages is denied.

GRIMM, P.J., and AHRENS, J., concur.