**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

CHOICE HOTELS INTERNATIONAL,
INCORPORATED, a Delaware
Corporation,
<u>Plaintiff-Appellee,</u>

No. 96-2717

v.

GALEN T. BONHAM, SR.; JOANNA R.
BONHAM,
<u>Defendants-Appellants.</u>

Appeal from the United States District Court
for the District of Maryland, at Greenbelt.
Catherine C. Blake, District Judge.
(CA-95-2275-CCB)

Submitted: September 9, 1997

Decided: September 30, 1997

Before WILKINS, WILLIAMS, and MOTZ, Circuit Judges.

_____

Vacated and remanded by unpublished per curiam opinion.

_____

**COUNSEL**

John H. Harman, John F. Davis, COGGINS, HARMAN & HEWITT,
Silver Spring, Maryland, for Appellants. James G. Healy, Silver
Spring, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Appellants Galen T. and Joanna R. Bonham ("Bonhams") appeal from the district court's order denying their motion filed pursuant to Fed. R. Civ. P. 60(b)(4), for relief from a default judgment entered against them in a breach of contract action filed in the district court for the District of Maryland by Choice Hotels International, Inc. ("Choice"). The Bonhams contend that process was not properly served upon them, thereby depriving the court of personal jurisdiction and rendering the default judgment void. We vacate the district court's order denying relief on the Rule 60(b)(4) motion and remand with instructions to vacate the default judgment.

Generally, we review the denial of a motion for relief from judgment pursuant to Rule 60(b) for an abuse of discretion. See Heyman v. M.L. Mktg. Co., 116 F.3d 91, 94 (4th Cir. 1997). But where, as here, the district court denied a Rule 60(b)(4) motion to set aside a judgment as void, our review is de novo. See New York Life Ins. Co. v. Brown, 84 F.3d 137, 142 (5th Cir. 1996).

To succeed on a Rule 60(b) motion, a movant first "`must show that his motion is timely, that he has a meritorious defense to the action, and that the opposing party would not be unfairly prejudiced by having the judgment set aside.'" National Credit Union Admin. Bd. v. Gray, 1 F.3d 262, 264 (4th Cir. 1993) (quoting Park Corp. v. Lexington Ins. Co., 812 F.2d 894, 896 (4th Cir. 1987)). After meeting the threshold considerations,[1] the movant must then satisfy one of the six

_____

[1] A showing of "exceptional circumstances" sometimes is noted as a fourth threshold. See Gray, 1 F.3d at 264 (citing Werner v. Carbo, 731 F.2d 204, 207 (4th Cir. 1984)).

2

grounds for relief in Rule 60(b). See National Credit Union Admin. Bd., 1 F.3d at 266. The Bonhams satisfied the threshold criteria.**2**

We next must determine whether the Bonhams met one of the grounds set forth in Rule 60 by establishing that the default judgment is void. Id. A judgment is void only if the court that rendered judgment lacked jurisdiction over the subject matter or the parties or in circumstances in which the court's action amounts to a violation of due process. See Schwartz v. United States, 976 F.2d 213, 217 (4th Cir. 1992). "Valid service of process is a prerequisite to a district court's assertion of personal jurisdiction." Swaim v. Moltan Co., 73 F.3d 711, 719 (7th Cir.), cert. denied, ___ U.S. ___, 64 U.S.L.W. 3818, 64 U.S.L.W. 3821 (U.S. June 10, 1996) (No. 95-1622); see Printed Media Servs., Inc. v. Solna Web, Inc., 11 F.3d 838, 843 (8th Cir. 1993).

The parties agree that Choice attempted to serve the Bonhams under the law of the state in which service was effected--Missouri.**3** See Fed. R. Civ. P. 4(e)(1). The Bonhams claim that there was no valid service of process because Choice failed to follow the procedures established by state law. Specifically, they assert that each return of service was defective on its face because it did not set forth the time, place, and manner of service as required by Mo. Sup. Ct. R. 54.20(a)(1), nor did the returns show that the deputy sheriff offered and the Bonhams refused to accept service as required by Mo. Sup. Ct. R. 54.20(f).

_____

**2** The Bonhams' Rule 60(b)(4) motion was timely filed. See New York Life Ins. Co., 84 F.3d at 142-43 (noting that void judgment may be challenged at any time); Hertz Corp. v. Alamo Rent-A-Car, Inc., 16 F.3d 1126, 1130 & n.8 (11th Cir. 1994) (collecting cases adopting rule). Next, the Bonhams were not required to establish the existence of a meritorious defense. See Broadcast Music, Inc. v. M.T.S. Enters., Inc., 811 F.2d 278, 280 (5th Cir. 1987); Covington Indus., Inc. v. Resintex A.G., 629 F.2d 730, 733 n.3 (2d Cir. 1980). Finally, Choice will suffer "no disadvantage . . . beyond that suffered by any party which loses a quick victory." Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp., 843 F.2d 808, 812 (4th Cir. 1988).
**3** According to the district court's docket sheet, the Bonhams did not voluntarily make an appearance or waive service under Fed. R. Civ. P. 4(d).

3

The Bonhams correctly note that the returns of service do not set forth the time, place, and manner of service. The returns only state that on December 15, 1995, the deputy sheriff served the Bonhams by delivering the summons to each of them at "RESIDENCE--UNDER RULE 54.20F." The deputy did not serve the Bonhams personally nor did he specify the address of the residence, and the record does not reflect that the residence at which the deputy left the summons and complaint was, in fact, the Bonhams' residence.

Choice also failed to comply with Rule 54.20(f). The deputy never personally served anyone--not Defendants, their agents, or a family member over the age of fifteen. See Mo. Sup. Ct. R. 54.13(b)(l). After several unsuccessful attempts to serve the Bonhams, the deputy returned to the residence. The deputy heard a man's voice he thought was Mr. Bonham's and saw a woman he thought lived there. When no one answered the door, the deputy announced to the dwelling that Defendants had been served, and he left. This is insufficient. See Walker v. Gruner, 875 S.W.2d 587, 589 (Mo. Ct. App. 1994) (noting that "Rule 54.20(f) contemplates an attempt by the server to personally serve a defendant and defendant's refusal to physically accept the copies of the summons and [complaint]"). Because the Bonhams were not personally served and because they did not physically refuse service, there was no valid service of process. See  Mo. Sup. Ct. R. 54.20(f). Moreover, service of process was not properly effected under Fed. R. Civ. P. 4(e)(2). The district court therefore did not have jurisdiction over the parties. See Swaim, 73 F.3d at 719. Accordingly, we find that the default judgment is void. See Schwartz, 976 F.2d at 216.

We therefore vacate the district court's order denying relief under Rule 60(b)(4) and remand the case to the district court with instructions to vacate the default judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

VACATED AND REMANDED