Karen RUSS, Appellant,

v.

Larry RUSS, Respondent.

No. ED 78056.

Missouri Court of Appeals,
Eastern District,
Division Three.

March 27, 2001.

Susan K. Roach, Chesterfield, MO, for appellant.

John A. Turcotte, Jr., Kimberly Bettisworth, St. Louis, MO, for respondent.

CRAHAN, Judge.

Appellant Karen Russ appeals the judgment denying her motion to set aside the judgment of contempt. Ms. Russ contends the trial court lacked personal jurisdiction when it entered the judgment of contempt as Respondent Larry Russ failed to prove effective service of process. We affirm.

Karen and Larry Russ divorced in March, 1998. The judgment and decree of divorce incorporated their property settlement and separation agreement. Shortly thereafter, a dispute arose concerning the transfer of certain items of personal property. Mr. Russ moved to hold Ms. Russ in contempt for her failure to return these items to him. The trial court then ordered Ms. Russ to show cause why she should not be held in contempt. Mr. Russ attempted to serve Ms. Russ, who had moved to Georgia. Ms. Russ failed to appear before the trial court and judgment was entered against her. The court found Ms. Russ in contempt and ordered her to return the disputed property and pay attorney's fees of one thousand dollars.

Ms. Russ moved to set aside the judgment of contempt, claiming she was never served with the order to show cause or the motion for contempt. After a hearing, the trial court denied her motion, stating the service of process satisfied the requirements of Rule 54.20. This appeal followed.

██ Our review is governed by the principles set forth in *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976). "The judgment of the trial court must be sustained

unless it is without substantial evidentiary support, unless it is against the manifest weight of the evidence, or unless it erroneously declares or applies the law." *Osage Water Co. v. Miller County Water Auth., Inc.,* 950 S.W.2d 569, 572 (Mo.App.1997).

■ In the sole point on appeal, Karen Russ contends the trial court erred in denying her motion to set aside the judgment of contempt. She asserts the trial court lacked jurisdiction over her when it entered the judgment because Larry Russ failed to prove effective service of process. We disagree.

The record establishes that the trial court ordered Ms. Russ to appear August 24, 1998 to show cause why she should not be held in contempt. Mr. Russ then attempted to serve Ms. Russ with the motion for contempt and order to show cause. On August 18, 1998, R.P. Wingfield, deputy sheriff of Fulton County, Georgia, attempted to serve Ms. Russ at her place of employment. According to the affidavit of diligent search ("affidavit"),[1] Wingfield called Ms. Russ from her office lobby and informed her of the purpose of his visit. Ms. Russ purportedly refused to accept service. The trial court thereafter entered judgment against her, stating she had been served pursuant to Rule 54.20.

■ On appeal, Ms. Russ urges the trial court lacked personal jurisdiction when it entered the judgment of contempt because the affidavit completed by Wingfield is deficient under Rule 54.20. Rule 54.20 sets forth the proof which a plaintiff must present to the court to establish that the proper method of service has been followed. *Walker v. Gruner,* 875 S.W.2d 587, 588 (Mo.App.1994). In the absence of proof of service mandated by Rule 54.20,

the court lacks the proof established by the Missouri Supreme Court as necessary to determine that the court has jurisdiction of the person of the defendant. *Schuh Catering, Inc. v. Commercial Union Ins. Co.,* 932 S.W.2d 907, 908 (Mo.App.1996) (citing *Industrial Personnel Corp. v. Corcoran,* 643 S.W.2d 816, 818 (Mo.App.1981)). In the absence of such proof, the court does not have jurisdiction over the defendant, unless he has consented to such jurisdiction or has waived the objection to personal jurisdiction. *Schuh Catering, Inc.,* 932 S.W.2d at 908.

■ Ms. Russ first contends the affidavit is deficient under Rule 54.20(f), which states, in part:

> When the person to be served or an agent authorized to accept service of process for the person to be served, either within or outside the state, shall refuse to receive copies thereof, the offer of the server to deliver copies thereof, and such refusal, when these facts are shown on the server's return, shall constitute proof of service.

Therefore, for there to be service under Rule 54.20(f), the offer of the server to deliver copies of process and the refusal of the person to receive the copies must be shown on the server's return. *See State ex rel. Plaster v. Pinnell,* 831 S.W.2d 949 (Mo.App.1992).

■ Ms. Russ asserts Wingfield's affidavit is deficient under Rule 54.20(f) as Wingfield never offered to personally serve her. The rules governing personal service on an individual require the delivery of the summons and petition to the defendant or his authorized agent personally, by hand. Rule 54.14(b); Rule 54.13(b)(1); *Gruner,* 875 S.W.2d at 589.

---

1. The affidavit of diligent search states, in relevant part:
 Personally appeared before the undersigned attesting authority, R.P. Wingfield ..., who after being duly sworn, on oath, deposes and says:
 Deponent is a Deputy Sheriff of Fulton County, Georgia and on the 18 day of [Au-

gust], 1998, was unable to serve a ... subpoena in the above styled case upon Karen Renee Russ at 6701 Roswell Rd. [Atlanta, Georgia]. Subject works on the 3rd floor of a secured building. I spoke with her from the lobby phone. She refused to accept service and refused to come to the lobby.

"It therefore follows that Rule 54.20(f) contemplates an attempt by the server to personally serve a defendant and defendant's refusal to physically accept the copies of the summons and petition." *Id.*

In his affidavit, Wingfield stated he spoke with Ms. Russ from the lobby of her employer's building and she refused to accept service. Ms. Russ testified at the April 3, 2000 hearing that she never spoke to Wingfield on August 18, 1998. Ms. Russ further stated that "on that date I was off premises at a hotel at a customer meeting." She claimed the cubical Wingfield telephoned was used by her as well as other individuals. Ms. Russ asserts on appeal that "It is ... possible that [Wingfield] spoke to no one and simply falsified the affidavit."

■■■ An appellate court defers to the trial court's determinations of credibility, viewing the evidence and permissible inferences therefrom in the light most favorable to the judgment and disregards all contrary evidence and inferences. *Gaar v. Gaar's Inc.*, 994 S.W.2d 612, 616 (Mo.App. 1999). That is because credibility of witnesses and the weight to be given their testimony is a matter for the trial court, which is free to believe none, part, or all of any witness's testimony. *Id.* A trial court may disbelieve testimony even when it is uncontradicted. *Thomas v. Lloyd,* 17 S.W.3d 177, 187 (Mo.App.2000). Where, as here, a trial court makes no findings of fact, all fact issues shall be considered as having been found in accordance with the result reached. Rule 73.01(c); *Gaar,* 994 S.W.2d at 616.

The trial court concluded Wingfield's affidavit satisfied the requirements of Rule 54.20 for valid and effective service of process. The court, therefore, chose to disbelieve Ms. Russ' testimony. When we take as true all the evidence in the record favorable to the trial court's judgment, there is sufficient evidence to support the trial court's implicit finding that Wingfield offered to personally serve Ms. Russ. As a result, Wingfield's affidavit complies with Rule 54.20(f) as the offer of service and refusal are shown upon the return. *See In re Kirtz,* 494 S.W.2d 324, 324–26 (Mo. banc 1973) (sheriff's return showing on its face that service accomplished in accordance with Rule 54.06(f)—the predecessor to current Rule 54.20(f)—conclusive as to service).

■■■ Ms. Russ next contends Wingfield's affidavit is deficient under Rule 54.20(b)(1). Rule 54.20(b)(1), governing proof of out-of-state service, states:

> Every officer to whom summons or other process shall be delivered for service outside the state shall make an affidavit before the clerk or judge of the court of which affiant is an officer or other person authorized to administer oaths in such state stating the time, place and manner of such service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where such service was made. The court may consider the affidavit or any other evidence in determining whether service has been properly made.

*See generally Hill Behan Lumber Co. v. Bankhead,* 884 S.W.2d 318, 322 (Mo.App. 1994). Ms. Russ avers Wingfield's affidavit should fail because it was made before a notary public and not before "the clerk or judge of the court of which the affiant is an officer...." [2]

■■■ This argument misreads Rule 54.20(b)(1). Prior to its amendment in 1988, Rule 54.20(b)(1) provided, in part, "Every officer to whom summons or other process shall be delivered for service outside the state shall make an affidavit before the clerk or judge of the court of which the affiant is an officer stating the time, place and manner of such service."

**2.** Ms. Russ' contention that Wingfield's affidavit was not made under oath and did not state the time of attempted service is clearly refuted by the record. The affidavit states Wingfield swore "on oath" that he was unable to serve Ms. Russ on August 18, 1998.

The current rule no longer requires that the return be signed by the judge or clerk. Rather, as amended, the rule requires that the officer make an affidavit before the clerk or judge of the court of which the affiant is an officer "or other person authorized to administer oaths in such state." *See State ex rel. Tinnon v. Mueller,* 846 S.W.2d 752, 756 (Mo.App.1993).

 Ms. Russ does not contend that the affidavit is deficient because a notary is unauthorized to administer oaths in the state of Georgia. Instead, she asserts the affidavit is deficient because a notary is not a clerk or judge of the court. This argument fails under present Rule 54.20(b)(1). *See id.*[3] The making of the affidavit before a notary satisfies the current requirement that the officer make the affidavit before a person authorized to administer oaths in such state. Rule 54.20(b)(1).[4] Point denied.[5]

Judgment affirmed.

GARY M. GAERTNER, Sr., J., and DRAPER, J., concur.

---

3. Moreover, Ms. Russ' reliance on *State ex rel. Houston v. Malen,* 864 S.W.2d 427 (Mo.App. 1993), is misplaced as the *Malen* court applied Rule 54.20(b)(1) as worded prior to the 1988 amendment.

4. Section 45–17–8(a)(3) Ga.Code (2000) authorizes notaries public to administer oaths.

5. The final contention by Ms. Russ that Mr. Russ had previously acknowledged receipt of all personal items has not been preserved for review as the issue is not presented in her point relied on. An appellate court reviews only those issues raised in the points relied on. *Greene County Concerned Citizens v. Board of Zoning Adjustment of Greene County,* 873 S.W.2d 246, 255 (Mo.App.1994). Issues to which an appellant alludes only in the argument portion of the brief are not presented for review. *Scott Tie Co. v. Missouri Clean Water Comm'n,* 972 S.W.2d 580, 590 (Mo. App.1998).