**Michael J. O'HARE, Respondent,**

v.

**Jeanette PERMENTER d/b/a Rainbow Glass Company, Appellant.**

No. ED 82185.

Missouri Court of Appeals, Eastern District, Division Two.

Aug. 26, 2003.

---

Daniel E. Wilke, St. Louis, MO, for appellant.

Joan M. Lockwood, St. Louis, MO, for respondent.

## OPINION

GLENN A. NORTON, Presiding Judge.

Jeanette Permenter appeals the judgment denying her motion to set aside a default judgment. We reverse and remand.

### I. BACKGROUND

Michael O'Hare filed a petition naming as defendant Jeanette Permenter d/b/a Rainbow Glass Company. Permenter failed to respond, and O'Hare moved for default judgment. As proof of service on Permenter, O'Hare attached to his motion a special process server's affidavit. The affidavit states that a summons was served on "Janette Permenter" at an address in Illinois by substitute service. The affidavit notes that the person who accepted service would not give her name; the relationship of this person is indicated as "sister." Default judgment was entered, and, over a year later, Permenter filed a motion to set it aside. That motion was denied, and this appeal followed.

## I. DISCUSSION

 Permenter concedes that the only way she can be relieved from this default judgment over a year after its entry is if the judgment is void. *See* Rule 74.06(b) and 74.06(c); *Cook v. Polineni,* 967 S.W.2d 687, 690 (Mo.App. E.D.1998) (Rule 74.06(b) applicable to default judgments). Although we ordinarily review a court's action under Rule 74.06 for abuse of discretion, whether a default judgment should be vacated because it is void is a question of law that we review *de novo. Smith v. Square One Realty Co.,* 92 S.W.3d 315, 316 (Mo.App. E.D.2002).

 Service of process is a prerequisite to personal jurisdiction, and a judgment entered against a party without proper service on that party is void for lack of jurisdiction. *Cook,* 967 S.W.2d at 690. Actual notice is insufficient to confer jurisdiction. *Worley v. Worley,* 19 S.W.3d 127, 129 (Mo. banc 2000).

 In this case, O'Hare elected to use a special process server, and therefore he bears the heavy burden of showing that every procedural requirement for service of process has been met. *Walker v. Gruner,* 875 S.W.2d 587, 588 (Mo.App. E.D. 1994). "Unlike a sheriff's return, a special process server's return is not presumed conclusive; it must show *on its face* that every requirement of the rule has been met and may not be aided by intendments or presumptions." *Id.* (emphasis added); *see also Reisinger v. Reisinger,* 39 S.W.3d 80, 84 (Mo.App. E.D.2001). Special process servers must file an affidavit stating the time, place and manner of service. Rule 54.20(b)(2).

In this case, the only return of service in the record is the special process server's affidavit purporting to show that he served Permenter as an individual by substitute service. Substitute or "abode" service may be made under Rule 54.13(b)(1) in the following manner:

... by leaving a copy of the summons and petition at the individual's dwelling house or usual place of abode with some person of the individual's family over the age of fifteen years ...

*See also* Rule 54.14(b) (service on out-of-state individual to be made as provided in Rule 54.13(b)).

 The special process server's affidavit in this case fails to show that the person with whom the summons was left was over the age of fifteen.[1] The age of the person with whom process is left is a crucial element of proper substitute service. Without that element, O'Hare cannot show that the manner of service complied with all of the requirements for substitute service under Rule 54.13(b)(1).

 Because O'Hare failed to prove that service of process was proper, the default judgment was entered without jurisdiction and is void.[2]

---

1. O'Hare contends that because the person was described as Permenter's sister, we should presume she was over fifteen based on Permenter's birth date. Permenter's birth date is not on the face of the affidavit, nor is it in the record. Regardless, we cannot make presumptions to aid a special process server's return. *Walker,* 875 S.W.2d at 588. Moreover, Permenter's age alone would not necessarily prove that someone described as her sister was over the age of fifteen.

2. Because we find that the judgment is void for lack of proper service, we need not address Permenter's other points on appeal asserting additional reasons why the judgment is void. "Issues that are not essential to a disposition of the case should not be addressed." *State v. Kinkead,* 983 S.W.2d 518, 520 (Mo. banc 1998).

## III. CONCLUSION

The judgment denying Permenter's motion to set aside the default judgment is reversed, and the case is remanded to the trial court with directions to set aside the default judgment as void.

KATHIANNE KNAUP CRANE, J. and MARY K. HOFF, J. concurring.