STATE of Missouri, Respondent,

v.

Joshua A. MCPIKE, Appellant.

**ED 103995**

Missouri Court of Appeals,
Eastern District,
**DIVISION FOUR**.

Filed: March 21, 2017

Christian E. Lehmberg, Columbia, MO, for appellant.

Mark S. Fisher, Alex G. Ellison, Bowling Green, MO, for respondent.

Gary M. Gaertner, Jr., Judge

## Introduction

Joshua A. McPike (Appellant) appeals his jury conviction for misdemeanor attempted stealing. Appellant challenges the trial court's denial of Appellant's proffered verdict directors that included a claim of right defense. We reverse and remand for a new trial.

## Background

The evidence adduced at trial was the following. Appellant was grocery shopping with Alicia Houston (Houston) at Walmart on the morning of Wednesday, June 11, 2014. After leaving Walmart, Appellant and Houston drove by Howard's Furniture. They noticed some furniture set out behind the store, including an old mattress, boxes containing a bunk bed, and a book shelf covered in protective shrink wrap. Houston testified that the items were next to a dumpster.

Unbeknownst to Appellant, Greg Wright (Wright), the owner of Howard's Furniture, had placed the boxes and shelf in the loading area behind the store a few minutes earlier and then drove around to the front to unlock the rear garage door from the inside. When Wright opened the garage door, he saw Appellant and Houston loading the furniture into the back of Appellant's vehicle. Wright told Appellant and Houston that the items were not junk and threatened to call the police. Appellant and Houston apologized and unloaded the items from the vehicle. Houston testified that they helped bring the items into the warehouse; Wright testified that they did not. Wright further testified that the furniture was likely not next to the dumpster because "[u]sually the dumpster would be rolled out right before closing time." After Appellant and Houston left, Wright called the police. Officer James Herman responded and interviewed Wright.

Appellant and Houston later saw a police car outside Howard's Furniture and drove immediately to the Bowling Green Police Department. After interviewing Wright, Officer Herman left Howard's Furniture and went to the police department where he interviewed Appellant and Houston. Both Appellant and Houston waived their Miranda[1] rights and made recorded and written statements. The State charged Appellant with the class C felony of stealing, or in the alternative, the class D felony of attempted stealing.

At trial, the State called Wright and Officer Herman as witnesses. Wright testified that "when people buy new furniture, sometimes [Howard's Furniture] will haul the old furniture away," and that "the old furniture is placed out in this loading area." Wright further testified that "often this old furniture was gone before the trash men arrives and haul it away." He also testified that the delivery crews sometimes place used furniture behind the store "against his wishes." In his cross-examination, Officer Herman testified that his police photos, which the trial court admitted as evidence, showed a used "mattress at the bay door" on the day in question. The State also introduced Appellant's recorded statement made to Officer Herman in which Appellant stated that he "had picked up [used] box springs [outside Howard's Furniture] before" and that he "had seen people there before picking up ... old furniture."

In his case-in-chief, Appellant called Houston who testified regarding the furniture that she "believe[d] it to be junk" and that Howard's Furniture "was discarding it." Appellant also admitted Houston's

---

1. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

written statement reflecting the furniture was "where they sit junk out."

At the close of evidence, Appellant submitted alternate verdict directors that included a paragraph instructing the jury on a claim of right defense. In addition to the elements of stealing or attempted stealing, these verdict directors required the jury to find that Appellant "did not honestly believe that he had a right to take such property," in order to find him guilty. The trial court refused Appellant's proposed verdict directors.

The jury found Appellant guilty of attempted misdemeanor stealing, and the trial court sentenced him to serve ten days in jail. This appeal follows.

## Discussion

In his sole point on appeal, Appellant argues the trial court erred in refusing to give his verdict directors with a claim of right defense because there was sufficient objective evidence in the record to inject the issue. We agree.

## Standard of Review

■ In determining whether a defendant is entitled to an instruction refused by the trial court, we review the evidence in the light most favorable to the defendant. State v. Pulley, 356 S.W.3d 187, 192 (Mo. App. E.D. 2011). Generally, the defendant is entitled to any instruction supported by the evidence. Id. Whenever there is an applicable MAI–CR instruction, it is error to fail to give such instruction. Mo. R. Crim. P. 28.02(c), (f) (2015).

## Analysis

■ Here, Appellant sought to instruct the jury on a claim of right defense be-

cause he claimed he had an honest belief he could take the furniture. A claim of right defense is a special negative defense for a defendant charged with stealing. Section 570.070.1 RSMo. (Supp. 2012).[2] A defendant has a claim of right defense against stealing if the defendant had an honest belief that he or she had the right to appropriate property or if he or she had the honest belief that the owner would have consented to such appropriation. Section 570.070.1(1)–(2). The defendant has the burden of injecting the issue of a claim of right defense. Section 570.070.2. The trial court should only instruct on a claim of right defense if there is evidence besides the defendant's subjective belief to support an honest belief in such a right to take property. State v. Quisenberry, 639 S.W.2d 579, 583 (Mo. banc 1982).

■ However, the burden of injecting an issue is lower than that of proving an issue. State v. January, 176 S.W.3d 187, 195 (Mo. App. W.D. 2005), The applicable MAI–CR notes on use only requires that evidence supports a claim of right defense, and does not require anything more to justify this instruction. MAI–CR 3d 324.02.1, Note on Use 9. Therefore, merely because the evidence adduced by a defendant does not prove conclusively an honest belief in a right to take property, such evidence is still sufficient to warrant a claim of right defense verdict director. A jury is free to disbelieve the evidence supporting a defendant's claim of right defense, but it is the exclusive role of the jury to weigh the credibility of the evidence and the trial court must instruct and give verdict directors to support this role. See State v. Jackson, 433 S.W.3d 390, 399 (Mo. banc 2014).[3]

---

**2.** All statutory references are to RSMo. (Supp. 2012), unless otherwise indicated.

**3.** In the Missouri Supreme Court's recent rulings in State v. Jackson and State v. Pierce, the court reiterated the expansive right of a

■ Viewing the evidence here in the light most favorable to Appellant, we find that he adduced sufficient objective evidence to inject a claim of right defense, warranting Appellant's proposed verdict directors. The record is replete with objective evidence to support Appellant's claim of right defense: (1) Appellant's recorded police statement that he "had seen people there before picking up ... old furniture" from outside Howard's Furniture; (2) Appellant's statement that he had "picked up [used] box springs there before" without issue; (3) Wright's confirmation of these observations in his own testimony that mirrored that of Appellant: "[O]ld furniture is placed out in this loading area" and "often this old furniture was gone before the trash men arrives and haul it away;" (4) Officer Herrmann's affirmance that there was a used "mattress at the bay door" on the day in question; (5) Houston's written statement referring to the placement of the furniture as "where they sit junk out;" and (6) Houston's testimony that she likewise "believe[d] it to be junk" because the "items were next to the dumpster."[4]

All of this evidence is distinct from Appellant's own subjective belief. This objective evidence supports the proposition that it was a routine practice in this community to claim old or discarded furniture placed behind Howard's Furniture. While the State emphasizes the fact that the furniture was in boxes and wrapping and thus Appellant's belief was unreasonable, this is a question which the jury weighs the credibility of the evidence. Our task is to determine only whether there is evidence in the record beyond Appellant's subjective belief from which the jury could conclude Appellant honestly believed he had a right to take the furniture. We conclude there is.

This case is distinguishable from the cases cited by the State. In Quisenberry, a claim of right defense was impossible because one of the defendants there explicitly stated that he knew the property in question was stolen. Quisenberry, 639 S.W.2d at 581. Furthermore, in that case, the defendants planned and executed the taking clandestinely so as to avoid detection. Id. at 585. The Quisenberry court noted these points weighed against a claim of right defense. Id. That is not the case here. Here, Appellant and Houston were out grocery shopping when they noticed the furniture; there was no previous plan to take the furniture. Appellant and Houston did not act clandestinely; they loaded the furniture in broad daylight.

The State's other cases are likewise distinguishable. In State v. Smith, a claim of right defense was completely antithetical to the defendants' theory of the case that they were merely test driving a car and planning to bring it back. 684 S.W.2d 576, 581 (Mo. App. S.D. 1984). Here, Appellant's claim of right defense is consistent with his theory that it is a common past practice to claim old furniture from Howard's Furniture. In Kramer, the defendant

defendant to receive jury instructions on lesser-included offenses in light of the jury's right to disbelieve any evidence. State v. Jackson, 433 S.W.3d 390, 392 (Mo. banc 2014); State v. Pierce, 433 S.W.3d 424, 432 (Mo. banc 2014). It is reasonable to conclude that the court would take the same approach on instructions on defenses, because both stand for the jury's right to disbelieve evidence and exemplifies the Court's corollary that "evidence never proves any element until the jury says it does." Jackson, 433 S.W.3d at 392.

4. In State v. January, the Western District suggested that corroboration of a defendant's subjective belief might be sufficient to inject the issue of a claim of right defense. January, 176 S.W.3d at 196 ("[T]he issue is not injected if the only evidence is the defendant's *uncorroborated* 'subjective conclusion' that he had such a belief." (emphasis added)).

took client money in violation of state law and office procedure, so his claim of right was contradicted by evidence of his knowledge of these rules. State v. Kramer, 809 S.W.2d 50, 52 (Mo. App. E.D. 1991). There, the court determined that the defendant's personal experience with the law and office procedures contradicted his claim of right defense. Id. (trial courts must take into account defendant's personal experience in deciding whether to instruct on claim of right defense). Here, Appellant's personal experiences of claiming old furniture and in seeing others claim furniture from Howard's Furniture actually support his claim of right defense. Thus, in each of these cases the evidence directly and irreconcilably contradicts a claim of right defense, but no such contradiction exists here.

Because Appellant adduced sufficient evidence at trial to inject a claim of right defense, he was entitled to a verdict director with a claim of right defense, and the trial court erred in refusing Appellant's verdict directors. Point granted.

### Conclusion

Viewing the facts in the light most favorable to the Appellant, the trial court erred by failing to give Appellant's verdict directors with a claim of right defense, because Appellant adduced objective testimony that supported an honest belief of his claim of right defense. We reverse Appellant's conviction and remand for new trial.

James M. Dowd, P.J., concurs.

Kurt S. Odenwald, J., concurs.