

# In the Missouri Court of Appeals
# Eastern District

## DIVISION TWO

| | | |
|---|---|---|
| STATE OF MISSOURI, | ) | No. ED108114 |
| | ) | |
| Respondent, | ) | Appeal from the Circuit Court of |
| | ) | Cape Girardeau County |
| vs. | ) | |
| | ) | Honorable Frank E. Miller |
| TAMMY D. PEELER, | ) | |
| | ) | |
| Appellant. | ) | Filed: July 21, 2020 |

### Introduction

Following a bench trial, Tammy Diane Peeler ("Appellant") was found guilty of one count of class A misdemeanor stealing. The trial court sentenced Appellant to thirty days in the Cape Girardeau County Jail and a $2,000 fine. Execution of both sentences was suspended, and Appellant was placed on private supervised probation with special conditions for two years. Appellant appeals.

Appellant's sole point on appeal argues the trial court erred in overruling her motion for judgment of acquittal at the close of all evidence because the State did not prove every element of class A misdemeanor stealing beyond a reasonable doubt. Specifically, Appellant argues the State failed to prove she knowingly appropriated the scrap metal which belonged to Schaefer's Electrical Enclosures. Appellant argues the evidence was insufficient to establish she knew she

did not have permission to take the scrap metal because only one of the three owners of Schaefer's testified that Appellant did not have permission to take it. And, Appellant argues the evidence showed she believed she had permission to take the scrap metal, and thus essentially argues she had a viable claim of right defense that should have precluded the trial court from finding her guilty of class A misdemeanor stealing.

We find the trial court did not err in overruling Appellant's motion for judgment of acquittal at the close of all evidence because the State proved the elements of class A misdemeanor stealing beyond a reasonable doubt. We also find Appellant did not meet the burden to inject a claim of right defense. Accordingly, we affirm.

**Facts and Procedural Background[1]**

On February 13, 2019, Mark Carlton, operations manager of Schaefer's Electrical Enclosures in Cape Girardeau County, discovered Appellant and Randy Barton removing scrap metal from a dumpster on Schaefer's property. Carlton informed Appellant and Barton the scrap metal was property of Schaefer's and told them if they did not put the scrap metal back he would call law enforcement. Appellant and Barton told Carlton they had permission to take the scrap metal by unnamed individuals. Appellant also told Carlton she was a former employee of Silgan Plastics, a company that previously owned the property where the dumpster was located. Carlton informed Appellant and Barton Silgan was out of business and Schaefer's owned the property and the scrap metal. Nonetheless, Appellant and Barton loaded the scrap metal onto a trailer and drove off from Schaefer's in a white truck. Carlton informed Robert Ward, partial owner of Schaefer's, of the incident. Ward contacted the Cape Girardeau County Sheriff's Department regarding the incident. Ultimately, Deputy Danny Finley contacted Appellant and Barton at

---

[1] On appeal from a bench-tried case where the trial court made no findings of fact, we consider all fact issues as having been found in accordance with the result reached. Mo. Sup. Ct. R. 73.01(c); *Russ v. Russ*, 39 S.W.3d 895, 898 (Mo. App. E.D. 2001).

2

Appellant's residence and observed the white truck and trailer with scrap metal parked in the driveway. Finley put Deputy Robert Jenkins on the phone, who instructed both individuals to return the scrap metal to Schaefer's. The scrap metal was returned, and Appellant was charged with one count of class A misdemeanor stealing.

A bench trial was held on July 3, 2019, where the State presented the testimony of four witnesses. Appellant presented no evidence, other than the cross-examination of witnesses. Appellant moved for judgment of acquittal at the close of all evidence, which the trial court denied. The trial court found Appellant guilty on July 8, 2019, and sentenced Appellant to thirty days in jail and a $2,000 fine. The trial court suspended the execution of the sentences and placed Appellant on supervised probation with special conditions for two years. Appellant now appeals.

**Standard of Review**

In a bench-tried case, we review a trial court's ruling on a motion for judgment of acquittal to determine whether there was sufficient evidence from which the trial court could have found the defendant guilty beyond a reasonable doubt. *State v. McDowell*, 519 S.W.3d 828, 837 (Mo. App. E.D. 2017). In reviewing the sufficiency of the evidence in a bench-tried case, this Court applies the same standard of review as applied in a jury-tried case. *State v. Brown*, 360 S.W.3d 919, 922 (Mo. App. W.D. 2012). This Court's review of a challenge to the sufficiency of the evidence "is limited to whether the State has introduced adequate evidence from which a reasonable finder of fact could have found each element of the crime beyond a reasonable doubt." *State v. Lammers*, 479 S.W.3d 624, 632 (Mo. banc 2016). "We view the evidence in the light most favorable to the verdict, granting the State all reasonable inferences and disregarding all contrary evidence and inferences." *Id.* "Reasonable inferences can be drawn from both direct

3

and circumstantial evidence, and circumstantial evidence alone can be sufficient to support a conviction." *Brown*, 360 S.W.3d at 922. However, this Court "will not supply missing evidence or grant the State unreasonable, speculative, or forced inferences." *Lammers*, 479 S.W.3d at 632.

**Discussion**

Appellant claims the trial court erred in overruling her motion for judgment of acquittal at the close of all evidence because the State failed to prove the "knowledge element" of stealing beyond a reasonable doubt. Specifically, Appellant argues the lack of testimony from two of three owners of Schaefer's regarding Appellant's lack of permission, coupled with evidence that she and Barton believed they had permission, was insufficient to prove the "knowledge element." Appellant essentially argues she had a viable claim of right defense that should have precluded the trial court from finding her guilty of class A misdemeanor stealing because she and Barton believed they had permission to take the scrap metal. Appellant incorrectly states "knowledge" is an element of the stealing offense and fails to show how the evidence presented at trial was insufficient to prove the elements of class A misdemeanor stealing. Further, Appellant fails to establish that she had a viable a claim of right defense.

The State must prove every element of the charged offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 314-15 (1979). A conviction is not permissible unless there is evidence that is "sufficient…to support a conclusion that every element of the crime has been established beyond a reasonable doubt." *Id.* Here, Appellant was charged with class A misdemeanor stealing under section 570.030.[2] **"A person commits the crime of stealing if he or she appropriates property or services of another with the purpose to deprive him or her thereof, either without his or her consent or by means of deceit or coercion."** § 570.030.1(1).

---

[2] All statutory references are to RSMo 2017 unless otherwise indicated.

Stealing is a class A misdemeanor where no other subsection of section 570.030 applies. § 570.030.8. When read in tandem with the rest of the statute, stealing is a class A misdemeanor where value of the property stolen was at least $150 or there is proof that defendant has at least one previous stealing-related conviction. § 570.030. The State elected to pursue a conviction for class A misdemeanor stealing relying on the value of the scrap metal taken. Where value of the property stolen determines the severity of the crime of stealing, the burden is on the State to prove value beyond a reasonable doubt. *State v. Calicotte*, 78 S.W.3d 790, 794 (Mo. App. 2002). Therefore, the State had to prove six elements beyond a reasonable doubt to support a conviction for class A misdemeanor stealing: (1) an appropriation; (2) of property or services; (3) of another; (4) with the purpose to deprive the other thereof; (5) accomplished without the owner's consent or by deceit or coercion; and (6) the value of the property or services was greater than or equal to $150. § 570.030.1(1); *Calicotte*, 78 S.W.3d at 794.

Appellant incorrectly asserts knowledge of a prohibited appropriation is an element of stealing. Nowhere in section 570.030, nor in our case law, is there support for the proposition that knowledge is an element of stealing. Instead, the statute specifies that purpose is an element of the stealing offense. § 570.030.1(1) ("A person commits the crime of stealing if he or she appropriates property or services of another *with the purpose* to deprive him or her thereof") (emphasis added). "A person acts purposely, or with purpose, with respect to his conduct or to a result thereof when it is his conscious object to engage in that conduct or to cause that result." § 562.016.2 (internal quotations omitted). The State did not have to prove Appellant knew she did not have permission to appropriate the scrap metal, but rather it was her conscious object to take the scrap metal. *Id.*

5

Here, we are satisfied the State presented sufficient evidence from which a reasonable finder of fact could have found each element of class A misdemeanor stealing beyond a reasonable doubt. Evidence was presented that Carlton witnessed Appellant and Barton loading scrap metal from the dumpster onto their personal trailer. Carlton told Appellant and Barton the scrap metal was the property of Schaefer's and they were stealing. Nevertheless, Appellant and Barton drove off with the scrap metal. Deputy Finley encountered Appellant and Barton at Appellant's residence and observed the trailer full of scrap metal was still hitched to Appellant's white truck. Appellant and Barton did not return the scrap metal until they were requested to do so by Deputy Jenkins. Robert Ward and Deputy Jenkins also testified that the scrap metal was valued at approximately $200 at the time of taking.

Appellant's argument that sufficient evidence could not be found without testimony from the other two owners of Schaefer's contradicts our standard of review. "[T]he testimony of only one witness may be sufficient to sustain a conviction, even if the testimony is inconsistent." *State v. Alexander*, 505 S.W.3d 384, 395 (Mo. App. E.D. 2016). The State presented direct evidence that Appellant appropriated Schaefer's scrap metal (valued at roughly $200) without Schaefer's consent with the purpose to deprive the company thereof. Therefore, we are satisfied that the State provided sufficient evidence to support a conviction for class A misdemeanor stealing.

Appellant argues the State's evidence showed she thought she had permission to take the scrap metal. Her argument is essentially that she had a viable claim of right defense that should have precluded the trial court from finding her guilty. We disagree. "A claim of right defense is a special negative defense for a defendant charged with stealing." *State v. McPike*, 514 S.W.3d 86, 88 (Mo. App. E.D. 2017). The defendant bears the burden of injecting a claim of right issue at trial. § 570.070.2; *McPike*, 514 S.W.3d at 88. To inject a claim of right defense, the defendant

must show they (1) held an honest belief they had a right to appropriate the property <u>or</u> an honest belief that the owner would have consented to the appropriation; <u>and</u> (2) present sufficient objective evidence to support the defendant's subjective belief. *McPike*, 514 S.W.3d at 88. Here, Appellant believed she could take the scrap metal based on permission given to her from unnamed individuals and the fact that she previously worked at Silgan Plastics. Despite Carlton's protest and statement that Silgan no longer owned the building (and thus the scrap metal), Appellant hauled the scrap metal away. Appellant relied solely on her subjective belief she was permitted to take the scrap metal. Appellant offered no additional objective evidence to support her subjective belief. Appellant did not meet the burden to inject the claim of right defense. We cannot hold there was insufficient evidence from which the trial court could have found Appellant guilty beyond a reasonable doubt. Point one is denied.

## Conclusion

For the foregoing reasons, we find the trial court did not err in overruling Appellant's motion for judgment of acquittal at the close of all evidence. The trial court's judgment is affirmed.

_____
Philip M. Hess, Presiding Judge

Kurt S. Odenwald, J. and
Lisa P. Page, J. concur.

7