IN THE MISSOURI COURT OF APPEALS
 WESTERN DISTRICT
QUENTIN GABBERT, )
 )
 Respondent, )
 )
v. ) WD84168
 )
STATE OF MISSOURI AND ) Opinion filed: November 2, 2021
DIRECTOR OF THE DEPARTMENT )
OF REVENUE, )
 )
 Appellants. )

 APPEAL FROM THE CIRCUIT COURT OF
 RANDOLPH COUNTY, MISSOURI
 THE HONORABLE JAMES M. COOKSEY, JUDGE

 Division Three: Edward R. Ardini, Jr., Presiding Judge,
 Mark D. Pfeiffer, Judge and W. Douglas Thomson, Judge

 The Director of Revenue, State of Missouri (“Director”) appeals from the

Circuit Court of Randolph County’s denial of its “motion for new trial/to set aside

judgment” (the “Motion”). In his two points on appeal, Director argues that the trial

court erred in denying said Motion because the judgment was void. We reverse and

remand for further proceedings.
 Factual and Procedural History

 Quentin Gabbert’s (“Gabbert”) driver’s license was revoked by the Director for

refusing to submit to a chemical breath test following an arrest for driving while

intoxicated. Gabbert thereafter filed his petition in the Circuit Court of Randolph

County for review of the Director’s decision.

 The case was initially set for March 24, 2020, but was continued three times

before ultimately being heard on August 24, 2020. The Director did not appear at the

August 24, 2020, hearing, at which time the trial court entered judgment in favor of

Gabbert and ordered the license revocation to be set aside, finding that the Director,

although properly served and noticed, failed to appear. Notice of this judgment was

issued to the Director on September 10, 2020.

 On September 29, 2020, the Director filed its Motion. In it, the Director argued

that the judgment was void because the Director was not properly served and because

the prosecuting attorney was not present at the time judgment was entered. On

November 12, 2020, the trial court made a docket entry denying the Motion. On

January 5, 2021, the trial court issued a written judgment denying the Motion.1

 The Director appeals. Following the filing of appellant’s brief by Director,

Gabbert waived his opportunity to file a brief and consented to this court being

“guided solely upon arguments raised by the [Director].” On July 12, 2021, Director

and Gabbert filed a Joint Motion to Reverse and Remand in this court, in which they

stipulated Appellant was not properly served, that actual notice does not confer

 1
 The January 5, 2021, judgment appears to have been entered because the November 12, 2020,
docket entry was not denominated as a judgment.

 2
personal jurisdiction, and that without service the judgment was void and must be

set aside. Neither a summons nor return of service is contained in the legal file.

 Standard of Review

 “Ordinarily, we review the circuit court’s ruling on a motion to set aside a

judgment under Rule 74.062 for an abuse of discretion.” Kerth v. Polestar Entm’t, 325

S.W.3d 373, 378 (Mo. App. E.D. 2010) (citing In re Marriage of Hendrix, 183 S.W.3d

582, 587 (Mo. banc 2006)). “However, whether a judgment should be vacated because

it is void is a question of law that we review de novo; we give no deference to the

circuit court’s decision.” Id. (citing O’Hare v. Permenter, 113 S.W.3d 287, 289 (Mo.

App. E.D. 2003)).

 Analysis

 The Director raises two points on appeal. First, the Director contends that the

trial court erred in denying its Motion because the original judgment was void in that

the trial court lacked personal jurisdiction over the Director for want of service.

Second, the Director argues that the trial court similarly erred because the judgment

was void in that the trial court failed to ensure the presence of someone properly

qualified to represent the state’s interest, pursuant to Section 56.090.3

 Point I.

 In the Director’s first point on appeal, the Director argues that the trial court

erred in denying its Motion because the original judgment was void. Specifically, the

 2
 All Rule references are to the Missouri Supreme Court Rules (2018), unless otherwise
indicated.
 3
 All statutory citations are to R.S.Mo. 2018, unless otherwise indicated.

 3
Director contends that it was never properly served, and as a result, the trial court

never obtained personal jurisdiction over the Director. To his credit, Gabbert agrees

with the Director’s argument.

 The trial court denied the Motion, stating in its docket entry:

 Court finds Respondent’s Motion for New Trial/To Set Aside Judgment
 to be without merit. Court Docket Entry shows Both Respondent [and]
 the Randolph County Prosecuting Attorney were on January 30th, 2020
 given proper notice of the filing of the Petition and the first Court date
 thereafter. The hearing was subsequently rescheduled and each time
 the notice was put on electronic filing and there are instances of paper
 notices being given. The final Court Date was set for August 24th, 2020
 at 11:00 am. Both the Department of Revenue and the Prosecuting
 Attorney were notified of the court dates as the Court record reflects. At
 no time has the Respondent acknowledged or responded to any filing.
 Court overrules Respondent’s Motion for New Trial/To Set Aside. [sic]4

 We note that the trial court’s docket entry focuses on the actual notice provided

Director in stating that Director was given “proper notice” of the petition’s filing and

first hearing, and that “notice was put on electronic filing and there are instances of

paper notices being given.” However, no amount of actual notice supplants proper

service of process. Whether the Director was provided actual notice by the court is

irrelevant, as “[a]ctual notice is insufficient to confer jurisdiction.” O’Hare v.

Permenter, 113 S.W.3d at 289 (citing Worley v. Worley, 19 S.W.3d 127, 129 (Mo. banc

2000)).

 4
 The trial court also entered a judgment dated January 5, 2020, denying such relief to the
Director. We note that in such judgment, the trial court stated that “[t]he Default Judgment in favor
of [Gabbert] [on his petition for review of the Director’s decision] . . . stands in full force and effect.”
To refer to this judgment as a default judgment is a misnomer. The Director is not required to file a
responsive pleading and is, thus, not subject to judgment by default. Nguyen v. Dir. of Revenue, 900
S.W.2d 238, 239 (Mo. App. E.D. 1995).

 4
 Rather, “[s]ervice of process is a prerequisite to personal jurisdiction, and a

judgment entered against a party without proper service on that party is void for lack

of jurisdiction.” Id. Here, the parties have stipulated that the Director was not

properly served, a fact also evidenced by the lack of summons and return of service

in the legal file. Because the Director was not properly served, and did not waive the

lack of service, the judgment is void and must be set aside. See id.

 The Director’s first point is granted.

 Point II.

 In its second point, the Director argues that the trial court erred in denying its

Motion because such judgment was void, in that the court failed to ensure the

presence of a qualified person to represent the State’s interests, pursuant to Section

56.090. In light of our disposition of the Director’s first point, this argument is moot

and we need not address it.5

 Conclusion

 The judgment of the circuit court is reversed and remanded for further

proceedings.6

 __________________________________________
 W. DOUGLAS THOMSON, JUDGE
All concur.

 5 Although we do not address this point, we do note that our Court has recently addressed this
same argument by Director in Mottet v. Dir. of Revenue, WD84301, 2021 WL 4734440 (Mo. App. W.D.
Oct. 12, 2021), in which we found such argument to be meritless.
 6 The joint motion to reverse and remand for further proceedings was taken with the case.

Because of our ruling, the parties’ motion is rendered moot.

 5