

# In the Missouri Court of Appeals
## Eastern District
### DIVISON FOUR

FRANK MORRIS,               )         No. ED99630

        )

       Respondent,         )        Appeal from the Circuit Court

        )        the City of St. Louis

vs.         )

        )

ROGER WALLACH,         )        Honorable Joan L. Moriarty

        )

       Appellant.         )        Filed: August 12, 2014

## *Introduction*

Roger Wallach (Defendant) appeals a judgment of the Circuit Court of the City of St. Louis denying his motion to set aside a default judgment in favor of Frank Morris (Plaintiff). Defendant claims that the trial court erred in denying his motion because the default judgment was void. We affirm.

## *Factual and Procedural Background*

On October 5, 2009, Plaintiff filed a petition against Defendant for breach of contract. In the petition, Plaintiff alleged that he loaned Defendant $45,000 for the purchase of real estate, in exchange for which Defendant had promised to pay Plaintiff $60,000. Plaintiff claimed that Defendant breached the contract and requested an award of damages in the amount of $60,000 plus interest.

The trial court issued Defendant a summons, which the sheriff returned *non est* on October 6, 2009, and a pluries summons, which the sheriff returned *non est* on December 3,

2009. On December 16, 2009, Plaintiff requested the trial court issue a pluries summons to Defendant and appoint Timothy Woodburn of Gateway Investigations as a special process server. The trial court granted Plaintiff's request.

On January 28, 2010, Plaintiff filed a "proof of service," which Mr. Woodburn had completed and signed. The proof of service stated: "[O]n the 5th day of January, 2010 at 6:30 p.m.[,] the summons/petition/subpoena/mechanic's lien/order & motion was **served to Roger Wallach as he identified himself upon request.**" (emphasis in original).

Defendant failed to file responsive pleadings and, on April 13, 2010, Plaintiff requested an interlocutory order of default, which the trial court granted. The trial court set the matter for a default hearing. On May 18, 2010, the trial court held a hearing and entered a default judgment against Defendant in the amount of $78,108.49 plus court costs.

On January 6, 2012, Defendant filed a motion to set aside the default judgment pursuant to Rule 74.06(b). In his motion, Defendant claimed that he "was never served with either the summons or the petition" and "as a result, [the trial court] lacked personal jurisdiction over Defendant."[1]

The trial court conducted an evidentiary hearing on August 23, 2012, at which the parties agreed that "the dispositive issue in this case is whether [Defendant] was, in fact, served on January 5, 2010." Defendant presented Mr. Woodburn, who testified that Plaintiff's counsel retained him to serve the summons and petition on Defendant. Mr. Woodburn explained that,

---

[1] Defendant argued, in the alternative, that "the default judgment should be set aside pursuant to Rule 74.05(d) because: (1) the parties in this case never entered into either a verbal or written contract as alleged in Count I of the Petition; (2) the money Plaintiff advanced, as alleged in the Petition, was not a loan to Defendant but rather was for the purpose of assisting Plaintiff's wife with the purchase of real property in the City of St. Louis." Rule 74.05(d) provides that "[t]he motion shall be made within a reasonable time *not to exceed one year after the entry of the default judgment.*" Rule 74.05(d) (emphasis added). Defendant filed his motion to set aside approximately one and a half years after the trial court entered the default judgment.

"he did some research" and determined that Defendant owned property at 14310 Cobble Court in Chesterfield. Mr. Woodburn also obtained a photograph of Defendant. He testified that, on January 5, 2010, he intended to "canvas[] the neighborhood looking for the home," but when he drove to 14310 Cobble Court on January 5, 2010, he observed "two men standing in the driveway of the house that [he] believed to be the house owned by [Defendant]." Mr. Woodburn stated that he exited his car, approached the two men, stated Defendant's name twice, and handed Defendant the summons and petition. Mr. Woodburn conceded that, in response to Defendant's name, "[n]either man said a word." On cross-examination, Mr. Woodburn testified that the man to whom he handed the summons and petition "compared favorably" to Defendant's photograph and he was certain that Defendant "is the same man that [he] served on January 5, 2010." Defendant did not testify at the hearing, but the parties stipulated that Defendant "is going to testify that he was not served on January 5, 2010."[2]

On October 30, 2012, the trial court entered an order denying Defendant's Rule 74.06 motion to set aside the default judgment.[3] The trial court found that, based on "the proof of service, the testimony and affidavits of Mr. Woodburn and Defendant, and the additional materials as to the location and time of service . . . that Defendant has not satisfied his burden of presenting clear and convincing evidence that he was not the individual served." The trial court further stated:

> Defendant's stipulated denial and affidavit are inescapably self[-]serving and do not convincingly establish that service was not obtained. While Defendant has raised doubts and shown inconsistencies with respect to the proof of

---

[2] During Mr. Woodburn's direct examination, he identified Exhibit No. 2 as the "photo of the house [at 14310 Cobble Court] that appears during the internet search." In that regard, the parties also stipulated that Defendant would testify that "the home depicted in Defendant's Exhibit 2, is not his home . . . ."

[3] On November 1, 2013, the trial court granted Defendant's request to denominate the order a "Judgment" as required by Rule 74.01(a).

service, none of the irregularities show that service was not obtained on Defendant or suggest who in fact might have been erroneously served. The fact that service was obtained at an address other than Defendant's residence does not preclude personal service upon Defendant. Accordingly, the Court finds sufficient proof that service was obtained and that the judgment against Defendant is not void for lack of personal jurisdiction.

Defendant filed a motion to reconsider asserting that the trial court applied the incorrect burden of proof because "[i]n cases where a court has appointed a special process server . . . the burden first rests with the serving party to establish proper service." Defendant claimed that Plaintiff failed to satisfy his burden because the proof of service: (1) incorrectly stated that the case was pending in the Circuit Court of St. Louis County; (2) failed to identify the nature of the document served; (3) failed to identify the place of service as required by Rule 54.02(b)(2); and (4) erroneously stated that Mr. Woodburn served Defendant "as he identified himself upon request."

The trial court heard arguments on Defendant's motion to reconsider. At the hearing, Plaintiff filed a motion to amend proof of service by interlineation:

> to comport with the evidence elicited at the hearing conducted on August 23, 2012 such that the proof of service shall be deemed to include the location of the service of the summons and petition was on the sidewalk near Defendant's residence at 14310 Cobble Court in St. Louis County.

The trial court denied Defendant's motion to reconsider and granted Plaintiff's motion to amend proof of service "to reflect the location of service as 14310 Cobble Court in St. Louis County, as established by the testimony presented to the court . . . ." Defendant appeals the trial court's October 30, 2012 denial of his motion to set aside the default judgment.[4]

---

[4] Plaintiff filed a motion to dismiss Defendant's appeal, which we took with the case. We agree that Defendant's brief is deficient in that his statement of facts contains argument and evidence outside the record on appeal, in violation of Rule 84.04(c), and his point relied on neither contains the elements nor substantially follows the form set forth in Rule 84.04(d). "While it is within our discretion to dismiss an appeal for failure to comply with Rule 84.04, we will not

*Standard of Review*

Generally, we will not reverse denial of a Rule 74.06 motion to set aside a judgment unless the trial court abused its discretion. Holloran v. St. Louis Investigations Agency Inc., 308 S.W.3d 299, 300 (Mo.App.E.D. 2010). However, we review *de novo* whether a judgment should be vacated because it is void. Christianson v. Goucher, 414 S.W.3d 584, 588 (Mo.App.W.D. 2013).

*Discussion*

In his point on appeal, Defendant claims the trial court erred in denying his motion to set aside the default judgment pursuant to Rule 74.06(b)(4). More specifically, Defendant argues that: (1) Plaintiff failed to comply with the requirements of Rule 54.20; and (2) Defendant "clearly and convincingly demonstrated he was not served." In response, Plaintiff asserts that Defendant failed to preserve his claim that the proof of service violated Rule 54.20 and, in any event, Plaintiff cured the alleged defects when he amended the proof of service pursuant to Rule 54.22. Plaintiff further contends that the trial court did not abuse its discretion in denying the motion to set aside because substantial evidence demonstrated that Mr. Woodburn served Defendant.

Rule 74.06 governs the setting aside of judgments. Under Rule 74.06(b)(4), a trial court "may relieve a party or his legal representative from a final judgment or order . . . [if] the judgment is void." Rule 74.06(b)(4); Christianson, 414 S.W.3d at 588 (Mo.App.W.D. 2013). "A judgment is void under Rule 74.06(b)(4) only if the trial court that rendered it lacked subject

---

exercise our discretion to dismiss an appeal for technical deficiency under Rule 84.04 unless the deficiency impedes disposition on the merits." Progressive Northwestern Ins. Co. v. Talbert, 407 S.W.3d 1, 5 n.4 (Mo.App.S.D. 2013) (quotation omitted). Because we are able to discern Defendant's complaints of trial court error, we deny Defendant's motion to dismiss. See, e.g., Envirotech, Inc. v. Thomas, 259 S.W.3d 577, 586 (Mo.App.E.D. 2008).

matter jurisdiction, lacked personal jurisdiction, or entered it in a manner that violated due process." Christianson, 414 S.W.3d at 588. Because courts favor finality of judgments, the concept of a void judgment is narrowly restricted. Ground Freight Expeditors, LLC v. Binder, 407 S.W.3d 138, 141 (Mo.App.W.D. 2013). A party moving to set aside a default judgment bears the evidentiary burden of proving entitlement to the relief requested. Id.

Defendant claims he was entitled to relief under Rule 74.06(b)(4) because Plaintiff's alleged failure to comply with Rule 54.20 deprived the trial court of jurisdiction over Defendant. As an initial matter, we address Plaintiff's assertion that Defendant failed to preserve this issue for review. At the hearing on Defendant's motion to set aside the default judgment, Defendant demonstrated that Mr. Woodburn's proof of service: (1) failed to identify the proper court, place of service, and nature of the documents served; and (2) incorrectly stated that, at the time of service, Defendant "identified himself upon request." Based on the above, we conclude that Defendant sufficiently raised and preserved the issue of Plaintiff's failure to comply with Rule 54.20. See, e.g., Maul v. Maul, 103 S.W.3d 819, 820-21 (Mo.App.E.D. 2003).

"Service of process is a prerequisite to the exercise of personal jurisdiction over a defendant." Cook v. Polineni, 967 S.W.2d 687, 690 (Mo.App.E.D. 1998). To prove that the "proper method of service has been followed," a plaintiff must present proof of service in accordance with Rule 54.20. Russ v. Russ, 39 S.W.3d 895, 897 (Mo.App.E.D. 2001). "In the absence of proof of service in accord with the rule, the court lacks the proof established by the Supreme Court as necessary to determine that the court has jurisdiction of the person of the defendant." Indus. Pers. Corp. v. Corcoran, 643 S.W.2d 816, 818 (Mo.App.E.D. 1981); see also Worley v. Worley, 19 S.W.3d 127, 129 (Mo. banc 2000).

6

In this case, Plaintiff employed Mr. Woodburn, a special process server, to serve Defendant.[5] Rule 54.20(a)(2) governs special process servers and provides: "If service of such process is made by a person other than an officer[,] such person shall make affidavit as to the *time, place and manner of service* thereof." Rule 54.20(a)(2) (emphasis added). "A party who elects to use a special process server does so at his or her own risk and bears a heavy burden of showing that every procedural requirement for service of process via a 'specially appointed' individual has been met." Reisinger v. Resinger, 39 S.W.3d 80, 84 (Mo.App.W.D. 2001) (quotation omitted). A proof of service "must show on its face that every requisite of the rule has been complied with and may not be aided by intendments or presumptions." Id. (quotation omitted). Unlike a sheriff's return, a special process server's return is not presumed conclusive. Walker, 875 S.W.2d at 588.

Defendant claims that "[f]our deficiencies . . . present on the face of the proof of service" rendered the default judgment void. Specifically, Defendant describes the "four deficiencies" as follows: (1) the proof of service stated that the petition was filed in the Circuit Court of St. Louis County; (2) the proof of service failed to identify the nature of the document served; (3) the proof of service failed to identify the place of service; and (4) the proof of service erroneously stated that the special process server served Defendant "as he identified himself upon request." Only one of these alleged deficiencies – the failure to identify the *place* of service – violated the requirements of Rule 54.20(a)(2).

---

[5] Rule 54.01 contemplates the use of special process servers: "The clerk shall deliver the summons or other process for service to . . . [t]he sheriff or other person specially appointed to serve it[.]" Rule 54.01(b)(1). "The purpose of a rule permitting the trial court to appoint process servers is to provide an economical, efficient method of obtaining service of process." State ex rel. Degreere v. Appelquist, 748 S.W.2d 855, 858 (Mo.App.S.D. 1988).

Defendant's claim that the trial court lacked jurisdiction due to Plaintiff's failure to present proof of service in compliance with Rule 54.20(a)(2) is unpersuasive because Plaintiff amended the proof of service to reflect the place of service.[6] Plaintiff's amended proof of service satisfied the "time, place and manner of service" requirements of Rule 54.20(a)(2) because it provided that Mr. Woodburn served Defendant by "personal service" at 6:30 p.m. on January 5, 2010 "on the sidewalk near Defendant's residence at 14310 Cobble Court."

To support his position that the trial court lacked jurisdiction to enter the default judgment because Mr. Woodburn's proof of service was deficient under Rule 54.20, Defendant cites O'Hare v. Permenter, 113 S.W.3d 287 (Mo.App.E.D. 2003) and Walker v. Gruner, 875 S.W.2d 587 (Mo.App.E.D. 1994). However, those cases are distinguishable because they contain no indication that the trial courts allowed the plaintiffs to amend the defective returns of service to comport with the facts of service.

The instant case more closely resembles Christianson v. Goucher, 414 S.W.3d 584 (Mo.App.W.D. 2013). There, the defendant filed a Rule 74.06 motion to set aside a default judgment on the grounds that it was "void for lack of personal jurisdiction due to deficient proof of service." Christianson, 414 S.W.3d at 588. In response, the plaintiff filed a motion to amend the return pursuant to Rule 54.22. Id. The trial court denied the defendant's motion to set aside the default judgment and granted the plaintiff's motion to amend the return of service. Id. The

---

[6] Pursuant to Rule 54.22, "[t]he court may in its discretion allow any process, return or proof of service thereof to be filed or amended at any time unless it clearly appears that material prejudice would result to the substantial rights of the party against whom the process issued." Rule 54.22(a). "When a return of service is amended, it relates back to the date of the return and is binding in its amended form." Christianson, 414 S.W.3d at 589 (quotation omitted). Plaintiff filed a motion to amend the proof of service by interlineation to reflect the location of service, and the trial court granted the motion. The record on appeal does not reveal whether Defendant objected to Plaintiff's motion to amend the proof of service by interlineation. On appeal, Defendant does not claim that the trial court abused its discretion to allow amendment of the proof of service or that amendment of the proof of service materially prejudiced him.

defendant appealed the denial of his motion to set aside the default judgment, and the court of appeals affirmed. Id. at 591. In its decision, the Christianson court noted that the defendant did not "argue that the trial court abused its discretion to allow amendment of the return or that the amendment of the return materially prejudiced him." Id. at 590.

Like the defendant in Christianson, Defendant does not challenge the trial court's grant of Plaintiff's motion to amend proof of service pursuant to Rule 54.22. Rather, Defendant claims that the default judgment was void because Plaintiff filed deficient proof of service. In light of Plaintiff's amended proof of service, which satisfied the requirements of Rule 54.20(a)(2), Defendant failed to demonstrate that the trial court lacked personal jurisdiction to enter the default judgment.

Finally, Defendant contends that, even if Plaintiff's proof of service satisfied the requirements of Rule 54.20, the trial court erred in denying his motion to set aside the default judgment because Defendant "clearly and convincingly demonstrated he was not served." Defendant maintains that "serious factual discrepancies mandate reversal of the trial court's ruling[.]"

A return of service is "prima facie evidence of the facts recited therein." Rule 54.22(a). Consequently, "[t]he return creates a presumption of proper service that can be impeached only by clear and convincing evidence that a party was not served." State ex rel. Dept. of Social Servs. v. Stone, 71 S.W.3d 643, 646 (Mo.App.W.D. 2002) (overruled in part on other grounds by McElroy v. Eagle Star Group, Inc., 156 S.W.3d 392, 401 (Mo.App.W.D. 2005)); see also Cook, 967 S.W.2d at 690 ("To impeach a return of service there must be clear and convincing evidence corroborating the denial of the party alleged to have been served.").

In this case, Mr. Woodburn's proof of service provided the time, place, and manner of service and certified that he personally delivered a copy of the summons and petition to Defendant. At the hearing on his motion to set aside, Defendant called Mr. Woodburn, who testified that, prior to serving Defendant, he: obtained a photograph of Defendant and an address for property that Defendant owned; drove to the house he believed was Defendant's; observed Defendant standing outside; and handed the summons and petition to Defendant. Mr. Woodburn stated that he had no doubt that Defendant was the man he served on January 5, 2010.

The only evidence that Defendant presented to impeach the proof of service was his stipulated testimony and affidavit, in which he denied receiving service of process. The trial court was entitled to disbelieve Defendant's testimony and affidavit. See Fuller v. Ross, 68 S.W.3d 497, 504 (Mo.App.W.D. 2002) (overruled in part on other grounds by McElroy, 156 S.W.3d at 401)); Van Vooren v. Schwarz, 899 S.W.2d 594, 595 (Mo.App.E.D. 1995). In its judgment denying Defendant's motion to set aside the default judgment, the trial court specifically stated that it found incredible Defendant's "self[-]serving" testimony that he did not receive the summons and petition. "An appellate court defers to the trial court's determinations of credibility, viewing the evidence and permissible inferences therefrom in the light most favorable to the judgment and disregards all contrary evidence and inferences." Russ, 39 S.W.3d at 898. Based on the above, we conclude that the trial court did not err in denying Defendant's motion to set aside the default judgment because Defendant failed to present clear and convincing evidence that Mr. Woodburn did not serve Defendant. Point denied.

### Conclusion

The judgment of the trial court is affirmed.

10

_____
Patricia L. Cohen, Judge

Lisa S. Van Amburg, P.J., and
Philip M. Hess, J., concur.