

# IN THE MISSOURI COURT OF APPEALS
# WESTERN DISTRICT

| | | |
|---|---|---|
| JAMES and SUSANNE SCHOLZ, | ) | |
| | ) | |
| Respondents, | ) | |
| | ) | **WD78292** |
| v. | ) | |
| | ) | **OPINION FILED:** |
| | ) | **March 1, 2016** |
| WAYNE "ROSS" SCHENK and STACY | ) | |
| MICHELLE SCHENK, | ) | |
| | ) | |
| Appellants. | ) | |

**Appeal from the Circuit Court of Johnson County, Missouri**
**The Honorable W. Sue Dodson, Judge**

**Before Division Two:** Cynthia L. Martin, Presiding Judge, and
Mark D. Pfeiffer and Karen King Mitchell, Judges

Wayne and Stacy Schenk appeal the trial court's judgment in favor of James and Susanne Scholz for delinquent rent and possession of property. The Schenks argue that the trial court lacked personal jurisdiction over them because they were not properly served with process. We affirm.

# Facts[1]

The Schenks entered into a written agreement in January of 2014 to rent a home in Warrensburg, Missouri, from the Scholzes. Under the agreement, the Schenks were to pay rent in the amount of $1,054 by the third day of each month. When the Schenks failed to timely pay the rent for the months of October, November, and December of 2014, the Scholzes filed the present action, requesting possession of the house, as well as all past-due rent. Included with the lawsuit was a motion that Tom Ilgenfritz be appointed special process server, which the circuit clerk granted. Ilgenfritz filed the affidavit of service, stating that he had served the Schenks "by leaving a copy of the complaint at the dwelling place or usual abode of [the Schenks] with Jolene Parr R/M a person of the [Schenks'] family over the age of 15 years."

The Schenks appeared at trial solely to contest the court's personal jurisdiction, arguing that they had not been served. Wayne Schenk testified that he did not receive the materials that had been served. He further testified that Jolene Parr was a friend of his daughter, and that she did not reside at the Schenks' house. Mr. Schenk testified that Parr lived in Carrolton, Missouri, and was visiting the Schenks' home when Ilgenfritz attempted service.

Ilgenfritz testified that, when he arrived at the Schenks' residence, he encountered a group of people leaving, and he asked whether any of them were Stacy Schenk. Someone in the group responded "no, she's standing in the living room." Ilgenfritz then knocked on the door, and the woman who answered the door told him that the Schenks were home but unavailable. Ilgenfritz waited outside the residence, and approximately 30 minutes later, he again knocked on the door, and the same woman answered. The woman identified herself as Jolene Parr and told

---

[1] The facts are stated "in a light most favorable to the judgment." *State v. Russell*, 462 S.W.3d 878, 882 (Mo. App. E.D. 2015).

2

Ilgenfritz that she "resided there." Ilgenfritz then presented the papers to Parr and filed the return with the court.

At the close of evidence on the preliminary issue of service, counsel for the Scholzes argued that, once Parr identified herself as residing in the home, Ilgenfritz was "thereby entitled to effect abode service upon the residen[ts] of that house via her." The court determined that it "might be inclined to rule for the Schenks," were it not for "the letters [R/M on the return of service] which I take to mean roommate." This, the trial court reasoned, was sufficient for it to hold that "the inquiry was made" as to whether Parr resided at the home, and that service was therefore sufficient. The Schenks did not participate any further in the trial.

Following trial, the court entered judgment in favor of the Scholzes in the amount of $3,162, and ordered that possession of the property be delivered to the Scholzes. The Schenks timely appealed.

**Standard of Review**

Appellate review of a court-tried case is under the standard announced in *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). "Accordingly, we will affirm the circuit court's judgment unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law." *Walker v. Lonsinger*, 461 S.W.3d 871, 874 (Mo. App. W.D. 2015) (citing *Murphy*, 536 S.W.2d at 32). "We defer to the court's determinations regarding witness credibility, and we view the evidence and any inferences therefrom in the light most favorable to the judgment." *Id*. "We review all questions of law *de novo*." *Minana v. Monroe*, 467 S.W.3d 901, 904 (Mo. App. E.D. 2015).

3

**Analysis**

The Schenks present three points on appeal:  (1) the trial court erred as a matter of law in determining that the process server making an inquiry into whether Parr resided at the home was sufficient to render service effective, regardless of whether she actually resided there; (2) the trial court's determination that Parr was "family" for purposes of service of process was not supported by substantial evidence; and (3) the trial court's determination that Parr was "family" for purposes of service of process was against the weight of the evidence.  We address the points together.

"Service of process is a predicate to the trial court's jurisdiction to adjudicate the rights of the defendant, and when the requirements for manner of service are not met, the court lacks the power to adjudicate."  *Manzella v. Dorsey*, 258 S.W.3d 501, 504 (Mo. App. E.D. 2008).  "To prove that the 'proper method of service has been followed,' a plaintiff must present proof of service in accordance with Rule 54.20."[2]  *Morris v. Wallach*, 440 S.W.3d 571, 576 (Mo. App. E.D. 2014) (quoting *Russ v. Russ*, 39 S.W.3d 895, 897 (Mo. App. E.D. 2001)).  "If service of such process is made by a person other than an officer such person shall make affidavit as to the time, place and manner of service thereof."  Rule 54.20(a)(2).  "'In the absence of proof of service in accord with the rule, the court lacks the proof established by the Supreme Court as necessary to determine that the court has jurisdiction of the person of the defendant.'"  *Morris*, 440 S.W.3d at 576 (quoting *Indus. Pers. Corp. v. Corcoran*, 643 S.W.2d 816, 818 (Mo. App. E.D. 1981)).

Service "shall be made by the sheriff or a person over the age of 18 years who is not a party to the action."  Rule 54.13(a).  Service by other than the sheriff must be by a "person specially appointed to serve it."  Rule 54.01(b)(1).  "When a party elects to use a special process

---

[2] All rule references are to the Missouri Supreme Court Rules (2015), unless otherwise noted.

server, that party bears the burden of showing that all of the procedural requirements for proper service of process have been met." *Maul v. Maul*, 103 S.W.3d 819, 821 (Mo. App. E.D. 2003). "Unlike a sheriff's return, a special process server's return . . . must show *on its face* that every requirement of the rule has been met and may not be aided by intendments or presumptions." *O'Hare v. Permenter*, 113 S.W.3d 287, 289 (Mo. App. E.D. 2003) (quoting *Walker v. Gruner*, 875 S.W.2d 587, 588 (Mo. App. E.D. 1994) (emphasis added)).

The Missouri Rules provide three methods for service upon an individual: personal service "by delivering a copy of the summons and petition personally to the individual"; abode service "by leaving a copy of the summons and petition at the individual's dwelling house or usual place of abode"; and service upon "an agent authorized by appointment or required by law to receive service of process."[3] Rule 54.13(b)(1). The Scholzes argued below only that they effectuated abode service.

When abode service is chosen, the process must be left "with some person of the individual's family over the age of fifteen years." *Id.* Missouri courts have not strictly defined "family" as meaning blood relation. "Arguably, . . . to permit service of process on 'a member of the household' may more accurately reflect the real meaning of the [rule] . . . ." *Douglas v. Hoeh*, 595 S.W.2d 434, 439 (Mo. App. E.D. 1980). "'If the relation between him and the other persons of the household is of a permanent and domestic character and not intended to be merely temporary, he is regarded as a person of the family on whom constructive service of process against another may be made.'" *Midwest Acceptance Corp. v. Blount*, 777 S.W.2d 645, 646 (Mo. App. E.D. 1989) (quoting *Colter v. Luke*, 108 S.W. 608, 609 (Mo. App. 1908)).

---

[3] In landlord-tenant actions for possession of property, there is a procedure to "serve the [summons] by securely affixing a copy of such summons and the complaint in a conspicuous place on the dwelling of the premises in question . . . and by also mailing a copy of the summons and complaint to the defendant at the defendant's last known address . . . ." § 535.030.2. The Scholzes did not argue that they followed this process or effectuated service in this manner.

The Scholzes used a special process server to obtain abode service. Accordingly, the return of service must show on its face that the service was to a member of the Schenks' family over the age of fifteen years. If the return is facially valid, it is "considered prima facie evidence of the facts recited therein." Rule 54.22(a). The Schenks do not challenge the return's facial validity, so it falls to the Schenks to rebut this prima facie evidence.[4] "'To impeach a return of service there must be clear and convincing evidence corroborating the denial of the party alleged to have been served.'"[5] *Morris*, 440 S.W.3d at 578 (quoting *Cook v. Polineni*, 967 S.W.2d 687, 690 (Mo. App. E.D. 1998)).

In order to rebut the case that they had been served, the Schenks offered the testimony of Mr. Schenk, who testified that Parr was not a member of the family, did not reside with the Schenks, and was, in fact, merely visiting their daughter. Mr. Schenk also testified that he did not personally receive the paperwork that Ilgenfritz delivered. Normally, it would suffice to note that "the trial court was free to believe or disbelieve [the Schenks'] evidence and to give it such weight as the trial court thought proper." *Pasternak v. Pasternak*, 467 S.W.3d 264, 274 n.6 (Mo. banc 2015).

---

[4] The Schenks argue that, where a special process server is used, as opposed to the sheriff, the party asserting abode service should bear the burden of proving service. But Rule 54.22(a) does not provide for differing treatment of facially valid returns of service: "The return of service shall be considered prima facie evidence of the facts recited therein." Once a party provides prima facie evidence, the burden shifts to the opposing party "to produce substantial evidence to rebut the prima facie case." *Milum v. Marsh ex rel. Lacey*, 53 S.W.3d 234, 238 (Mo. App. S.D. 2001).

[5] The Schenks appear to argue that, in cases in which a special process server effectuates service, a lower standard of proof should apply. But again, Rule 54.22(a)'s mandate that "[t]he return of service shall be considered prima facie evidence of the facts recited therein" does not explicitly contemplate differing standards for facially valid returns. Moreover, the rationale for applying the clear and convincing standard to sheriff's returns applies equally to those filed by special process servers: "clear and convincing proof is consistent with the legislature's intent to liberalize the harshness of old Rule 54.22 yet mindful of the amendment's effect on the integrity and conclusiveness of judicial proceedings." *Hoffman v. Quality Chrysler Plymouth Sales, Inc.*, 706 S.W.2d 576, 580 (Mo. App. E.D. 1986). "A lesser burden of proof would have a potentially destabilizing effect while the quantum of clear and convincing evidence follows from the well-settled presumption that an official duty, like service of process, has been regularly performed and from Rule 54.22's dictate that '[t]he return of service shall be considered prima facie evidence of the facts recited therein.'" *Id.*; *see Morris v. Wallach*, 440 S.W.3d 571, 578-79 (Mo. App. E.D. 2014) (applying clear and convincing standard to service by special process server); *Van Vooren v. Schwarz*, 899 S.W.2d 594, 595 (Mo. App. E.D. 1995) (Both Rule 54.22's mandate that the return is prima facie evidence, and the clear and convincing standard, are "applicable to all process servers, not sheriffs and deputies exclusively.").

6

In response, the Schenks point to the trial court's statement that it "might be inclined to rule for the Schenks" but for the fact that the face of the return showed that Ilgenfritz had made sufficient inquiry into whether Parr resided with the Schenks. The Schenks argue that these comments show that the trial court believed the Schenks' evidence that Parr did not reside with them and, therefore, that the trial court's ruling was either based on a misapplication of the law or against the weight of the evidence.[6]

But the Schenks provide no argument as to why we should disregard the general rule that "oral comments should not be considered where findings of fact and conclusions of law have not been requested but are gratuitously provided by the trial court." *Harvey v. Dir. of Revenue*, 371 S.W.3d 824, 827 (Mo. App. W.D. 2012). These gratuitous "oral pronouncements are not part of the trial court's order or judgment and may be considered only as an explanation of the order or judgment." *Id*. at 828 (quoting *Matter of Fulton*, 863 S.W.2d 931, 933 (Mo. App. W.D. 1993)). Certainly, "[w]here a judgment is 'ambiguous, uncertain, or incomplete, an appellate court may properly look . . . to the contemporaneous oral statement of the judge, [insofar] as the same may throw light upon the view the court took of the case during its progress and at the time of its [judgment].'" *Noble v. Noble*, 456 S.W.3d 120, 128 (Mo. App. W.D. 2015) (quoting *Ponyard v. Drexel*, 205 S.W.2d 267, 270 (Mo. App. 1947)). But the judgment here contains no ambiguity whatsoever on the issue of service. Rather, it plainly states that the Schenks were "duly served with the[] petition."

Where, as here, there is no ambiguity in the judgment and "neither party requests that the court make specific findings of fact or conclusions of law, we must resolve all factual issues in accordance with the result reached and must affirm the judgment under any reasonable theory

---

[6] Because we conclude that the court's oral comments cannot be considered in this case, we take no position as to whether the Schenks' interpretation of these comments is appropriate.

supported by the evidence." *Harvey*, 371 S.W.3d at 828 (quoting *Fulton*, 863 S.W.2d at 933). As noted *supra*, the return of service included the letters "R/M," which the trial court interpreted as meaning that Parr was the Schenks' roommate. A roommate can be considered a family member for purposes of accomplishing abode service. *See Midwest Acceptance*, 777 S.W.2d at 647 (Where respondent and "roommate resided together at the place of service of process . . . [and] they intended to permanently reside together for the period of a lease . . . [the] roommate was properly regarded by the sheriff as a member of [respondent's] family for purposes of service."). Where, as here, there is no challenge to the facial validity of the return and the return states a factual basis for abode service, the return is prima facie evidence of service, and the party challenging service has the burden to rebut service by clear and convincing evidence. *Morris*, 440 S.W.3d at 578. Although the Schenks presented evidence that Parr did not permanently reside with them, the trial court was free to disbelieve that evidence.[7] And, under our standard of review, where the trial court expressly found that the Schenks were "duly served," we must conclude that the trial court found that the Schenks did not meet their burden and therefore did not rebut the prima facie evidence of service.

### Conclusion

The trial court's determination that the Schenks were served with process is supported by the evidence. The judgment is affirmed.

Karen King Mitchell, Judge

Cynthia L. Martin, Presiding Judge,
and Mark D. Pfeiffer, Judge, concur.

---

[7] Although the trial court was free to simply disbelieve Mr. Schenk's testimony, we note that, here, there was evidence to support the conclusion that the Schenks were attempting to avoid service. This certainly could have led the court to question the veracity of Mr. Schenk's testimony.