

# In the Missouri Court of Appeals
# Eastern District

<u>DIVISION TWO</u>

| | | |
|---|---|---|
| XTRA LEASE, LLC, | ) | ED110391 |
| | ) | |
| Respondent, | ) | Appeal from the Circuit Court of |
| | ) | St. Louis County |
| v. | ) | 21SL-CC01024 |
| | ) | |
| PIGEON FREIGHT SERVICES, INC., | ) | Honorable John N. Borbonus |
| | ) | |
| Appellant. | ) | Filed: February 7, 2023 |

Pigeon Freight Services Inc., (hereinafter "Pigeon Freight") appeals the judgment denying its motion to set aside a default judgment entered in favor of Xtra Lease LLC (hereinafter "Xtra Lease"). Pigeon Freight failed to preserve its argument that there was good cause to set aside the default judgment because of confusion regarding the status of the litigation. The return of service was facially valid and Pigeon Freight did not present clear and convincing evidence showing it was not properly served. The circuit court did not abuse its discretion by denying Pigeon Freight's motion to vacate the default judgment. We affirm the judgment.

## Factual and Procedural Background

On March 4, 2021, Xtra Lease filed a two-count petition against Pigeon Freight alleging breach of contract and action on account. On March 15, 2021, before service of the summons and petition, Pigeon Freight's President, Sergiu Tintuic, (hereinafter "Tintuic") emailed counsel for Xtra Lease and stated it appeared "Xtra Lease filed a lawsuit in St. Louis and [Pigeon Freight] will

be served soon." Three days later, on March 18, 2021, Xtra Lease utilized a special process server appointed by the circuit court to serve the summons and petition on Pigeon Freight at its office in Lansing, Illinois. The process server executed an affidavit stating he served copies of both documents by leaving them at Pigeon Freight's Lansing, Illinois office with a man named "Sam," who accepted service and identified himself as the general manager. Within two hours of service, Tintuic emailed Xtra Lease's counsel to acknowledge receipt of the summons and ask for information regarding settlement.

Over the next few weeks, Tintuic and Xtra Lease's counsel exchanged emails attempting to negotiate a settlement. On April 27, 2021, Xtra Lease filed the return of service with the special process server's affidavit.

On April 28, 2021, Xtra Lease's counsel emailed Tintuic a final settlement offer. He informed Tintuic that if the offer was not accepted, "Xtra Lease will move forward with its case." Tintuic responded but did not accept the offer. Pigeon Freight never filed a responsive pleading or requested an extension of time to do so.

On May 26, 2021, Xtra Lease filed a motion for default judgment. A hearing was set for June 15, 2021. Pigeon Freight did not respond or appear at the hearing. The circuit court entered a default judgment against Pigeon Freight for $99,899.97, plus interest.

On September 23, 2021, Pigeon Freight filed a motion to vacate the default judgment alleging the circuit court lacked jurisdiction because of improper service. The circuit court held an evidentiary hearing on October 12, 2021. Tintuic and Sam testified on behalf of Pigeon Freight. They testified Sam was not Pigeon Freight's general manager and that it did not maintain the Lansing, Illinois office on the date of service. Xtra Lease introduced evidence showing Pigeon Freight maintained offices in Lansing, Illinois, that Tintuic received service, and that Sam was

authorized to accept service on behalf of Pigeon Freight. On October 18, 2021, the circuit court entered an order and judgment denying the motion to vacate and finding Xtra Lease effectuated proper service by delivering a copy of the summons and petition to Pigeon Freight's Lansing, Illinois business office to Sam who, as an "independent contractor, was in fact "the person in charge of" the office.

Pigeon Freight asserts three points on appeal.[1] It claims: (1) the circuit court abused its discretion by denying the motion to vacate because it was filed timely, based on good cause, and raised a meritorious defense; (2) the return of service was facially deficient, rendering the judgment void; and (3) the proof of service was deficient because Xtra Lease offered no evidence showing Sam was in charge of its Lansing, Illinois office or that it maintained an office there.

This Court generally reviews the circuit court's denial of a motion to set aside a default judgment for abuse of discretion. *Jones v. Riley*, 560 S.W.3d 540, 544 (Mo. App. E.D. 2018). "However, we review *de novo* whether a judgment should be vacated because it is void." *Morris v. Wallach*, 440 S.W.3d 571, 575 (Mo. App. E.D. 2014).

---

[1] Pigeon Freight's brief violates Rule 84.04(d) regarding points relied and Rule 84.04(e) regarding the argument. Despite Pigeon Freight's noncompliance with Rule 84.04, this Court "has discretion to review noncompliant points gratuitously, overlooking the technical deficiencies in the points relied on, when the deficiencies do not impede review on the merits." *Lexow v. Boeing Co.*, 643 S.W.3d 501, 508 (Mo. banc 2022) (electing to not exercise discretion to review noncompliant points and dismissing the appeal). We exercise our discretion to review the merits because Pigeon Freight's briefing sufficiently apprises this Court of the factual and legal bases of its allegations of error. *See Tauvar v. Am. Fam. Mut. Ins. Co.*, 269 S.W.3d 436, 438 (Mo. App. W.D. 2008) (reviewing an appeal on the merits because the technically noncompliant brief "sufficiently apprises this court of the facts and argument necessary for this court to address the merits of the claim"). We remind counsel that within the last year, both this Court and the Missouri Supreme Court have repeatedly dismissed appeals or individual points relied on due to counsel's noncompliance with the clear, unequivocal, and mandatory briefing requirements in Rule 84.04. *See eg., Lexow v. Boeing Co.*, 643 S.W.3d 501, 510 (Mo. banc 2022); *Wilson v. Schmelzer*, 653 S.W.3d 913, 917 (Mo. App. E.D. 2022); *Gan v. Schrock*, 652 S.W.3d 703, 711 (Mo. App. W.D. 2022); *Young v. Missouri Dep't of Soc. Servs.*, 647 S.W.3d 73, 78 (Mo. App. E.D. 2022); *Jefferson v. Missouri Dep't of Soc. Servs.*, 648 S.W.3d 50, 55 (Mo. App. E.D. 2022); *Schultz v. Bank of Am. Merrill Lynch Credit Corp.*, 645 S.W.3d 689, 697 (Mo. App. E.D. 2022) (dismissing appellant's first point relied on). Counsel can avoid the risk of dismissal by complying with Rule 84.04.

When applying the abuse of discretion standard to a decision denying a motion to set aside a default judgment, this Court favors a decision on the merits and, therefore, affords the circuit court "narrowed discretion" to deny a motion to set aside a default judgment. *Brungard v. Risky's Inc.*, 240 S.W.3d 685, 687-88 (Mo. banc 2007). The general policy favoring disposition on the merits, however, "must be carefully applied to the facts of each case in the interest of justice; for, the law defends with equal vigor the integrity of the legal process and procedural rules and, thus, does not sanction the disregard thereof." *Sprung v. Negwer Materials, Inc.*, 775 S.W.2d 97, 100 (Mo. banc 1989).

**Analysis**

1. *Pigeon Freight did not preserve its first point relied on.*

In its first point, Pigeon Freight claims its "motion to vacate was timely filed; was based on good cause; and raised at least an arguably meritorious defense." It argues the good cause element was satisfied because Tintuic's testimony showed the failure to answer the petition resulted from "confusion" due to ongoing settlement negotiations. Pigeon Freight, however, did not raise this argument in its motion to vacate the default judgment, thus failing to preserve it for appellate review.

Rule 74.05(d) authorizes the circuit court to set aside a default judgment "[u]pon motion stating facts" showing good cause and a meritorious defense. Pigeon Freight, as the moving party, has the burden to plead and prove good cause for setting aside the judgment. *Brungard,* 240 S.W.3d at 688. The pleading requirements of Rule 74.05(d) are further informed by Rule 55.26(a), which generally provides a motion "shall state with particularity the grounds therefor[.]" This Court determines compliance with the Rule 74.05(d) pleading requirements by examining "the allegations in the defaulting party's motion, and such other matters as affidavits, exhibits, and

4

proposed answers." *Capital One Bank (USA) NA v. Largent,* 314 S.W.3d 364, 366–67 (Mo. App. E.D. 2010).

Unlike its argument on appeal, Pigeon Freight's motion to vacate includes no allegation claiming confusion about the status of the litigation. Instead, Pigeon Freight alleged "[t]his [m]otion seeks to set aside the default judgment based on defective service of process." Consistent with that allegation, Pigeon Freight further alleged service was defective because it did not maintain an office in Lansing, Illinois and Sam was not authorized to accept service. There is no allegation of good cause based on confusion or any related issue like negligence or a good faith mistake. *See Turner v. Gateway Bobcat of Missouri Inc.*, 450 S.W.3d 444, 448 (Mo. App. W.D. 2014) (recognizing negligence or a good faith mistake may constitute good cause to set aside a default judgment). Pigeon Freight's motion to vacate – and the circuit court's judgment denying it – focus on the alleged service deficiencies with no mention of confusion about the status of the litigation.

Likewise, Pigeon Freight's affidavits, exhibits, and proposed answer do not assert there was good cause for the default due to confusion about the status of the litigation. Instead, the affidavits attached to the motion and the exhibits admitted into evidence at the evidentiary hearing relate solely to Pigeon Freight's allegations it did not maintain an office in Lansing, Illinois and that Sam was not authorized to accept service. Pigeon Freight's proposed answer to Xtra Lease's petition similarly includes no assertion regarding good cause due to confusion.

The first time Pigeon Freight claimed good cause based on confusion is in its appellant's brief filed with this Court. "Our Court will not consider an argument that was not presented to the trial court and made for the first time on appeal." *Solomon v. St. Louis Cir. Att'y*, 640 S.W.3d 462, 472 (Mo. App. E.D. 2022) (holding the defendant did not preserve for appeal its argument the

5

circuit court erred by entering a default judgment by improperly denying leave to file an untimely motion to dismiss). "Simply put, a party cannot rely on one theory to set aside a judgment before the trial court then, when unsuccessful, rely upon a different theory on appeal." *McGee ex rel. McGee v. City of Pine Lawn*, 405 S.W.3d 582, 587 (Mo. App. E.D. 2013).[2]

Pigeon Freight argues it asserted the issue of confusion in its motion for new trial. But the motion for new trial asserted only that the circuit court should have found Pigeon Freight did not recklessly impede process because the parties discussed the lawsuit. Further, even if this assertion sufficiently raised the argument on appeal, it is immaterial because "[a] party may not utilize a motion for new trial to raise an objection that should have been raised during trial." *Lewis v. Biegel*, 364 S.W.3d 670, 676 (Mo. App. W.D. 2012); *see also Penzel Constr. Co., Inc. v. Jackson R-2 Sch. Dist.*, 635 S.W.3d 109, 127 (Mo. App. E.D. 2021) (holding an issue raised for the first time in a motion for new trial preserves nothing for appellate review).[3]

Pigeon Freight's argument that it showed good cause due to confusion regarding the status of the litigation was not presented to the circuit court and, therefore, is not preserved for appellate review. Because Rule 74.05(d) requires a showing of both good cause and a meritorious defense, Pigeon Freight's failure to preserve its good cause argument is fatal to its first point relied on. Point I is denied.

2. *The return of service was not facially deficient*.

In its second point, Pigeon Freight claims the default judgment and the judgment denying the motion to vacate are void because the return of service is facially deficient. Pigeon Freight

---

[2] Section 516.120.1 also provides "no allegations of error shall be considered in any civil appeal except such as have been presented to or expressly decided by the trial court."

[3] There is an exception if the issue is lack of subject matter jurisdiction. Subject matter jurisdiction may not be waived or conferred by consent. Consequently, an alleged lack of subject matter jurisdiction can be raised at anytime by any party or the court, even in a collateral or subsequent proceeding. *Hightower v. Myers*, 304 S.W.3d 727, 733 (Mo. banc 2010). That exception does not apply because Pigeon Freight does not contest the circuit court's subject matter jurisdiction.

argues the return incorrectly stated Sam was Pigeon Freight's general manager and fails to identify him as a person qualified to accept service.

"Proper service of process is a prerequisite to personal jurisdiction." *Scott by & Through Scott v. Borden*, 648 S.W.3d 68, 73 (Mo. App. W.D. 2022). "When the requirements for manner of service are not met, a court lacks power to adjudicate." *Worley v. Worley*, 19 S.W.3d 127, 129 (Mo. banc 2000). "Actual notice is insufficient." *Id.*

Rule 54.14 provides "[p]ersonal service outside the state shall be made" upon a party "as provided in Rule 54.13(b)." Rule 54.13(b)(3) provides service on a foreign corporation shall be made:

> … by delivering a copy of the summons and petition to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the defendant with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process.

While Rule 54.13 establishes the procedure for service, Rule 54.20 sets forth the requirements for proving proper service. When, as in this case, a party utilizes a special process server to serve a summons and petition in another state, Rule 54.20(b)(2) provides "such person shall file an affidavit stating the time, place and manner of such service." "Unlike a sheriff's return, a special process server's return is not presumed conclusive." *Morris*, 440 S.W.3d at 577. Thus, the proof of service "must show on its face that every requisite of the rule has been complied with and may not be aided by intendments or presumptions." *Id.* (Internal quotation omitted).

Here, Xtra Lease's special process server executed an affidavit stating service: (1) was made on "Pigeon Freight Services Inc c/o Sergiu Tintuic … on March 18, 2021 @ 10:42 AM" (2) at "16830 Chicago Ave, Lansing, IL 60438" (3) "by leaving a copy of this process with Sam" who was the "General Manager, a person authorized to accept service." The affidavit facially satisfies

7

the proof of service demanded by Rule 54.20(b)(2) by stating the time, place, and manner of service.

Nonetheless, Pigeon Freight argues *Marti v. Concrete Coring Co. of N. Am.*, 630 S.W.3d 920 (Mo. App. E.D. 2021), demonstrates the affidavit was facially deficient. In *Marti*, the process server's affidavit identified the person who accepted service but did not list that individual's position at the company. *Marti*, 630 S.W.3d at 923. That section was "left blank" on the return. *Id*. at 923 n.4. Consequently, the return of service was facially deficient. *Id*. Here, unlike *Marti*, the return of service sets forth the time, place, and manner of service as required by Rule 54.20(b)(2).

The affidavit and proof of service is not facially deficient. Point II is denied.

3. *Service of process was valid*.

In its third point, Pigeon Freight claims Xtra Lease failed to prove service was valid pursuant to Rule 54.13(b)(3) because it offered no evidence showing Sam was the person in charge of its Lansing, Illinois office. This claim lacks merit.

"The return of service shall be considered prima facie evidence of the facts recited therein." Rule 54.22(a). As established, the special process server's affidavit stated the time, place, and manner of service as proof of service as required by Rule 54.20. "Consequently, the return creates a presumption of proper service that can be impeached only by clear and convincing evidence that a party was not served." *Morris*, 440 S.W.3d at 578.[4] As the party challenging the return of service, Pigeon Freight bears the burden of producing "clear and convincing evidence" showing it

---

[4] Pigeon Freight cites *Morris* for the proposition that "[u]nlike a sheriff's return, a special process server's return is not presumed conclusive." *Morris*, 440 S.W.3d at 577. The fact a special process server's return is not presumed conclusive does not negate the fact Rule 54.22(a) provides a return of service is "prima facie evidence of the facts recited therein.' *Morris*, 440 S.W.3d at 578-79 (affirming a judgment denying a motion to set aside a default judgment because the moving party did not produce clear and convincing evidence that a special process server did not effectuate proper service). Here, as in *Morris*, the return of service demonstrated valid service.

was not properly served. *M.F.S.D.-C.S.E. v. J.M.*, 651 S.W.3d 834, 837 (Mo. App. E.D. 2022). Pigeon Freight did not meet its burden.

At the evidentiary hearing, Tintuic and Sam testified on behalf of Pigeon Freight. They testified Sam was an independent contractor with no managerial authority. On cross-examination, however, Sam conceded he identified himself to the process server as the general manager of Pigeon Freight's Lansing, Illinois office. The circuit court, having heard the testimony and reviewed the parties exhibits, found that "Sam, even as an independent contractor, was in fact the person in charge of" Pigeon Freight's Lansing, Illinois office. This Court defers to the circuit court's determinations regarding credibility and the weight given to the evidence. *Yee v. Choi*, 641 S.W.3d 272, 279 (Mo. App. W.D. 2021). As the finder of fact, the circuit court "was entitled to disbelieve" the testimony disputing Sam's authority and to credit the evidence showing he was in charge of Pigeon Freight's Lansing, Illinois office. *Morris*, 440 S.W.3d at 578. The record supports the circuit court's finding that Xtra Lease properly served Pigeon Freight pursuant to Rule 54.13(b)(3) by delivering a copy of the summons and petition at Pigeon Freight's business office to the person in charge of that office.

Pigeon Freight argues, as a matter of law, that the circuit court's finding that Sam was an independent contractor precludes the conclusion he was authorized to accept service. The plain language of Rule 54.13(b) contains no such limitation. The rule expressly provides that in addition to serving the "officer, partner, or managing or general agent," proper service may also be made on "the person" in charge of the office. The rule does not require the person in charge of the office to be an employee. Moreover, a person may be in charge of an office without also being an officer, partner, or agent. *Cf. State ex rel. Bunting v. Koehr*, 865 S.W.2d 351, 355 (Mo. banc 1993) (holding the fact one exercises substantial control over another's business dealings does not

9

necessarily create an agency relationship). Thus, the circuit court's conclusion Sam was an independent contractor does not negate the court's finding he was also the person in charge of Pigeon Freight's business office when service was made. *See Morrow v. Caloric Appliance Corp.*, 372 S.W.2d 41, 47 (Mo. banc 1963) (holding a non-employee "manufacturer's representative" was authorized to accept service and his role "did not prevent him from also being the kind of an agent described in the rule").[5] Similarly, the trial court concluded, a copy of the summons and petition was delivered to Sam at Pigeon Freight's Lansing, Illinois office while he was "in fact the person in charge" of that office. The court's judgment is consistent with the service requirements of Rule 54.13(b)(3).

Pigeon Freight failed to present clear and convincing evidence showing it was not properly served. The circuit court did not abuse its discretion by denying Pigeon Freight's motion to vacate the default judgment. Point III is denied.

### Conclusion

We affirm the circuit court's judgment.

_____
Renée D. Hardin-Tammons, Judge

Lisa P. Page, P.J. and
Thomas C. Clark, II, J., concur.

---

[5] *Morrow* applied the former Rule 54.06(c), which authorized service on a domestic or foreign corporation "by delivering a copy of the summons and of the petition to an officer, partner, or a managing or general agent, or by leaving the copies at any business office of the defendant with the person having charge thereof" *Morrow*, 372 S.W.2d at 47.